## OLIVER vs. GRAY.—June 1827.

The act of limitations, (1715, ch. 23,) does not extinguish the debt, but only bars the remedy. An acknowledgment of a debt, or a promise to pay it, by the defendant, within the time prescribed, is sufficient to revive the action.

*Held,* 1. That the suit is to be brought on the original cause of action, and not on the new promise or acknowledgment, which only restores the remedy.

As to what promises or acknowledgments will take a case out of the act of limitations—

*Held,* 2. That the promise need not be absolute, but a conditional promise is sufficient; and in such case it is incumbent on the plaintiff to show at the trial, either a performance of the condition, or a readiness to perform it.

*Held,* 3. That the acknowledgment must be of a present subsisting debt, unaccompanied by any qualification or declarations, which, if true, would exempt a defendant from a moral obligation to pay.

*Held,* 4. That such an acknowledgment, accompanied with a naked refusal to pay, or a refusal and an excuse for not paying, which in itself implied an admission that the debt remained due, and furnished no real objection to the payment of it, is sufficient.

*Held,* 5. That any unqualified acknowledgment, &c. with no other excuse for not paying than a reliance on the bar created by the act of limitations, is sufficient to take the case out of the act.

*Held,* 6. That the acknowledgment may be in whole, or in part.

*Held,* 7. That it is sufficient if it be after bringing the suit.

*Held,* 8 An admission that the sum claimed has not been paid, is not sufficient to take a case out of the act of limitations, without some further admission, or other proof that the debt once existed.

*Held,* 9. The acknowledgment need not be made to the plaintiff himself, but may be made to any body else.

*Held,* 10. It is for the court to decide what kind of promise or acknowledgment is sufficient to take a case out of the act of limitations; and the evidence offered to prove such promise or acknowledgment, is proper to be submitted to the jury, as in in other cases, under the direction of the court.

Every acknowledgment which is offered to take a case out of the act of limitations, must be taken all together; and no evidence can be received, to turn a denial of the existence of a debt into an acknowledgment of a subsisting liability, by proving that the party making the admission was mistaken in supposing the debt to have been paid.

Where the plaintiff chooses to introduce the defendant's declarations to take a case out of the act of limitations, he must be content to take them as they are, and cannot be permitted to disprove them by other evidence.

APPEAL from *Baltimore* County Court. This was an action of *assumpsit* brought by the appellant, *Robert Oliver,*

surviving partner of *John Oliver*, against the appellee, and one *Robert Taylor*, (who was returned *non est,*) for money had and received; for money lent and advanced; for money laid out, expended and paid; on an *insimul computassent*, and on a promissory note. The writ was issued on the 14th of March 1823. The defendant pleaded *non assumpsit, non assumpsit infra tres annos,* and *actio non accrevit infra tres annos.* To which there were the general replications, and issues joined.

At the trial the plaintiff read in evidence the following promissory note, which was admitted to be signed by the defendant *Gray*, in the name of *Gray* and *Taylor*, in the manner as thereby appears, in his own proper handwriting, and by him delivered to *Robert* and *John Oliver*, at the time it bears date. And it was also admitted that the defendant, *Gray*, and *Robert Taylor* the other defendant, who was returned *non est inventus* on the original writ in this cause, were at the time of the execution of the said note, and for some time before and after the execution thereof, partners in trade, and carrying on trade and commerce under the name and firm of *Gray* and *Taylor.* Which said note is as follows:

"Dollars 5000.          *Baltimore,* 14th October, 1813.

On demand we promise to pay to the order of *Robert* and *John Oliver*, five thousand dollars, with legal interest from this date, for value received.

*Gray & Taylor.*"

The plaintiff also offered in evidence, that the defendant, *Gray*, in the year 1816, paid the interest due on the said note; and that about one year, or one year and an half after the said interest was paid, the witness, as the agent of *Robert* and *John Oliver*, called on the defendant for the interest then due, and that the defendant answered that he had paid the last interest out of his own individual funds, and that he was unable to pay the interest then demanded. That the defendant resided in this state, near *Baltimore*; that the said house of *Gray* and *Taylor* resided in the city of *Philadelphia*, and failed in 1815 or 1816. The plaintiff further offered in evidence, by *John Purviance*, Esquire, a competent witness, that some time after

*Gray* and *Taylor* failed, and had executed the deed of trust for the benefit of their creditors, upon the plaintiff's expressing much dissatisfaction at his being excluded from the benefit of said deed of trust, the defendant said he had excluded him from the belief that he was paid out of the securities in his hands; that he did not consider *Gray* and *Taylor* indebted to the plaintiff, but that as the plaintiff was dissatisfied, he would be very glad, if it was not too late, that he should be permitted to come in as one of the creditors of *Gray* and *Taylor,* and the defendant said he would write a letter to *Philadelphia* to ascertain whether this arrangement could be made, and to inquire of counsel in *Philadelphia.* It was, however, the opinion of the counsel, who was consulted, that it was too late, and the plaintiff was excluded from all benefit of the deed of trust. That since this suit was pending, the defendant said to the said witness, frequently, that he regretted that the plaintiff was excluded from the said deed of trust, and wished he had been allowed to come in for his claim under the said deed; but always added, that he did not consider that he was indebted to the plaintiff, because the plaintiff had it in his power to have saved himself, with the sureties received from *William Taylor,* and ought not, therefore, to have looked to him for the money. The defendant also, in these latter conversations, stated the hardship of his condition; that he was poor, and no benefit could result from a recovery, if the plaintiff succeeded in establishing his claim. That his partner too was poor; and that his partner, who was sued by the plaintiff in *Philadelphia,* complained of the situation in which the defendant had placed him with the plaintiff, by not including him among the creditors in the deed of trust. And the defendant stated in one or more of the conversations on the subject with the witness, that he understood from the plaintiff himself, that he had securities in his possession sufficient to cover the amount of his claim against *Gray* and *Taylor,* as well as *William Taylor.* The plaintiff further offered in evidence, that he was not paid by the securities referred to in the preceding conversation, and that *William Taylor* was still indebted to the plaintiff in a large sum of money, although the ship *Orozimbo,* hereinafter mentioned, had been sold to the

best advantage. The plaintiff further read in evidence the en-dorsement on the bill for discovery, hereafter inserted, and the answer of the defendant to the said bill; which said bill and answer here follow: [The bill here referred to was filed in 1819, in *Baltimore* county court, sitting as a court of equity, by *Gray* and *Taylor*, against *Robert* and *John Oliver*, for a discovery respecting the ship *Orozimbo*, &c. The answer thereto, of *R. Oliver*, was filed in 1824. But as they do not appear to be material in the decision of this cause, they are omitted here.] It was admitted that *Robert* and *John Oliver*, mentioned in the said bill, and the payees in the above men-tioned note, are the same persons, and that *Edward Gray* and *Robert Taylor*, mentioned in the said bill, and who are plain-tiffs in the said bill, are the same persons against whom the ori-ginal writ issued in this cause. The defendant then prayed the opinion of the court, and their direction to the jury, that upon the evidence above stated the plaintiff is not entitled to reco-ver on the *second* and *third* issues joined in the cause. Which opinion and direction the Court, [*Hanson* and *Ward*, A. J.] gave to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Latrobe*, for the Appellant, contended, 1. That the statute of limitations operates to create a presumption of payment only, and does not extinguish the original debt.

2. That what amounts to an acknowledgment of a debt to take it out of the statute of limitations, is to be left to the jury.

3. That the conversations of the defendant in this case, amount to such an acknowledgment as is sufficient to take the case out of the statute.

On the *first* point, he cited *Sturges vs. Crowninshield*, 4 *Wheat.* 207. *Quantock vs. England*, 5 *Burr.* 2630. *Cle-mentson vs. Williams*, 8 *Cranch*, 72. *Lloyd vs. Maund*, 2 *T. R.* 760. *Mountstephen vs. Brooke*, 5 *Serg. & Low.* 245. *Leaper vs. Tatton*, 16 *East*, 422. *Halladay vs. Ward*, 2 *Campb.* 32. 2 *Stark. Evid.* 892, 893, 895.

On the *second* point—*Lloyd vs. Maund*, 2 *T. R.* 760. *De*

*La Torre vs. Barclay*, 2 *Serg. & Low.* 270. *Bicknell vs. Keppel*, 4 *Bos. & Pull.* 20. 2 *Stark. Evid.* 896. *Bryan vs. Horseman*, 4 *East*, 604. *Baillie vs. Inchiquin*, 1 *Esp. Rep.* 435. *Smith vs. Ludlow*, 6 *Johns. Rep.* 267.

On the *third* point—*Bryan vs. Horseman*, 4 *East*, 599. *Trueman vs. Fenton*, 2 *Cowp.* 548. *Lawrence vs. Worrall*, *Peake's N. P. Cases*, 93. 2 *Stark. Evid.* 893. *Baillie vs. Ld. Inchiquin*, 1 *Esp. Rep.* 435. *Leaper vs. Tatton*, 16 *East*, 420. *Clarke vs. Bradshaw*, 3 *Esp. Rep.* 155. *Jackson vs. Fairbank*, 2 *H. Blk.* 340. *Wood vs. Braddick*, 1 *Taunt.* 104. *Smith vs. Ludlow*, 6 *Johns. Rep.* 267. *Dean vs. Pitts*, 10 *Johns. Rep.* 35. *Anderson vs. Sanderson*, 3 *Serg. & Low.* 190. *Ward vs. Howell, et al.* 5 *Harr. & Johns.* 60, 61. *Barney vs. Smith*, 4 *Harr. & Johns.* 485. *Norris's Peake*, 420, &c.

*Raymond*, for the Appellee. Independent of the plea of the statute of limitations, the plaintiff cannot recover on the general issue. That plea is a bar to his action.

1. The statute of limitations creates a presumption of payment, which the debtor may waive; but unless he does so, no other evidence can be received to rebut that presumption. The debtor may waive the statute by not pleading it. He may promise to pay the debt. In this case the defendant has not waived the statute in either of those ways. But it has been said that his acknowledgment is a waiver. The making an acknowledgment is not a waiver of the statute. It is not a promise to pay the debt; but only evidence from which the jury may infer a promise. If a special verdict found that the defendant acknowledged the debt, but no promise is found, a judgment could not be rendered.

2. It has been contended, that what amounts to an acknowledgment of a debt to take it out of the statute, is to be left to the jury. This would be to take from the court a question of law, and give it to the jury. Here the court below said the acknowledgment was not sufficient evidence to go to the jury, for them to infer a promise to pay the debt. The evidence in the record was not sufficient to amount to a waiver of the statute. The plea of the statute puts in issue not only the new promise, but the existence of the original debt; and the existence of the original debt must be proved, otherwise the

the new promise will not be sufficient. It will be a *nudum pactum*. If there is proof that the old debt has been paid, then the new promise amounts to nothing. No chancellor or jury could, on the bill and answer offered in evidence in this case, find that the defendant owed the plaintiff one cent. There is no acknowledgment of a debt, so as to take the case out of the statute, independent of a promise, whereby a pro-mise could be inferred. He referred to *Clementson vs. Wil-liams*, 8 *Cranch*, 72. *Danforth vs. Culver*, 11 *Johns. Rep.* 146. *Sands vs. Gelson*, 15 *Johns. Rep.* 511. *Wetzell vs. Bussard*, 11 *Wheat.* 310. *Laurence vs. Hopkins*, 13 *Johns. Rep.* 288.

*Gwynn*, on the same side. What will restore the remedy when the action is once barred by the act of limitations? This point has not been decided by this court. It has been said that this judgment must be reversed, 1. That the act of limitations does not extinguish the debt, but bars the remedy. It is a pre-sumption of payment if the debt is not sued for within three years. 2. That an unqualified acknowledgment of the debt will take the case out of the statute. But what is evidence of an acknowledgment is not to be left to the jury; it is for the court. There are only two cases where the question was left, as a matter of doubt, to the jury. One of those cases was over-ruled in *Bicknell vs. Keppel*, 4 *Bos. & Pull.* 20. *Coltman vs. Marsh*, 3 *Taunt.* 380. It is only in very doubtful cases where the subject is left to the jury. But where the acknowledgment is accompanied with a denial, it is not left to the jury. All the *English* cases go upon the ground that the debt was ac-knowledged to be existing, and no denial of it is made. In *Bryan vs. Horseman*, 4 *East*, 599, the fact of the acknow-ledgment would not have been sufficient; and if nothing fur-ther had been said, the case would have been barred. The act of limitations takes in other actions as well as *assumpsit*. In no case but in *assumpsit* can an action be brought which has been barred by the statute. All other actions are barred, and no acknowledgment, &c. can sustain the action. *Boydell vs. Drummond*, 2 *Campb.* 162. *Rowcroft vs. Lomas*, 4 *Maule & Selw.* 457. This action was brought in March 1823, and

the only evidence at the trial was conversations which took place after the action was brought between the defendant, and the counsel of the plaintiff. That evidence furnishes complete proof that the defendant always denied the debt to be due. To revive a debt barred by the statute, there must be a voluntary acknowledgment of its existence without any denial or condition. *Wetzell vs. Bussard,* 11 *Wheat.* 316, *(note.)* 1 *Com. Dig.* 338, *(new ed.)* The *English* decisions have gone so far, that if the debtor·has acknowledged the debt to be due, but said he would not pay it, it was taken out of the statute. But not where the debtor denied the debt to be due, although he acknowledged that it had once existed. *Norris's Peake,* 423. *Hudson vs. Carey,* 11 *Serg. & Rawle,* 10, 13. 2 *Stark. Evid.* 895, *(note.)*    *Fries vs. Boisselet,* 9 *Serg. & Rawle,* 131. *Beale vs. Rowland, Hard. Rep.* 301.    The evidence in the record is, that within three years the defendant said he regretted, &c. These conversations were after the action was brought, and after the defendant had pleaded the act of limitations, and were had with the plaintiff's counsel. *Holme vs. Green,* 2 *Serg. & Low.* 480. *Beale vs. Nind,* 6 *Serg. & Low.* 517. *Barney vs. Smith,* 4 *Harr. & Johns.* 485, go entirely upon the acknowledgment which was made without any denial of the debt being due, or refusal to pay it. It must be with the assent of the defendant that he is made liable for a debt once barred by the statute.

*Taney,* in reply. The prior debt relied on was the promissory note upon which the action was brought; and whether·it had been paid or not was a fact for the jury to decide. That the debt once existed, is proved positively. . The evidence offered was read without objection. The *endorsement* on the bill filed in equity only, and the answer thereto, were read in evidence.

The act of limitations either goes to the right to recover, or it bars the remedy. If the contract is rescinded, then the party could never recover on it. He could only use it in a suit on a new promise. An act of bankruptcy operates·to the extinguishment of the contract; and if a new promise is made, the party must sue upon the new promise. In the cases cited from the *New-York* Reports, the suits were upon new promises.

The case of *Sands vs. Gelston*, 15 *Johns. Rep.* 519, was made analogous to the cases of bankruptcy. *Sturges vs. Crownin-shield*, 4 *Wheat.* 207, is in opposition to the *New-York* decisions. *Norris's Peake*, 422, 423, 424, *(and notes.)* The only operation of the act of limitations is to create a presumption that the debt has been paid. 2 *Stark. Evid.* 891 to 897, *(and notes.)* *Clementson vs. Williams*, 8 *Cranch*, 73, 74. *Barney vs. Smith*, 4 *Harr. & Johns.* 485. The act of limitations does not extinguish the debt, but only creates a presumption of payment. This has been repeatedly decided by the courts in *England*, and in this state. If the statute ought to be expounded differently, yet having been otherwise expounded by a series of decisions for two centuries, it is a judicial exposition, and has become a part of the statute. This court cannot overrule such decisions, as it would be to legislate, and not to adjudicate. The burthen of proof is on the plaintiff to prove that the debt has not been paid. If it is assumed that the statute creates a presumption of payment, but does not extinguish the debt, then it is only necessary for the plaintiff to prove that the debt has not been paid. This will repel the presumption of payment; and it becomes a question of fact whether or not the presumption is repelled. If the defendant acknowledged that the debt was once due, it is not sufficient unless he acknowledged he had not paid it. In *Boydell vs. Drummond*, 2 *Campb.* 162. *Rowcroft vs. Lomas*, 4 *Maule & Selw.* 457, and *Clementson vs. Williams*, 8 *Cranch*, 72, the evidence was only that the debt once existed. Where the acknowledgment admits the debt was originally due, and had not been paid, it will remove the bar of the act of limitations. *Wetzell vs. Bussard*, 11 *Wheat.* 310, 313    Where a party refers to a mode of settlement, which is proved to be false, the statute is no bar. 2 *Stark. Evid.* 894, *(note.)* 895. Here the defendant alleged that the debt sued for had been discharged in a particular way, which has been disproved by the plaintiff's answer to the bill, which the defendant and his partner had filed against him, as given in evidence at the trial of this case. Why should this presumption of payment be distinguished from other presumptions? It is not a conclusive presumption, not to be repelled, but is to be left to the jury. Many of the cases

cited assume the principle that it was sufficient to be left to the jury whether or not payment had been made. Any evidence from which the jury might infer that payment had not been made, was admissible; and if the jury found that payment had not been made, then the statute was no bar. If it is assumed as the doctrine that the statute goes upon the presumption of payment, it must be dealt with like all other presumptions; and if so it is to be rebutted by evidence upon which the jury are to decide. It is not for the court to say whether an acknowledgment was or was not sufficient to rebut the presumption of payment. If it is a question for the court to decide, then there must be, *first*, proof of the debt; and *secondly*, proof of the acknowledgment of the defendant that the debt had not been paid. The question then is, was the proof sufficient to establish that the debt had not been paid? *Wetzell vs. Bussard,* 11 *Wheat.* 310. There is no evidence that the defendant paid the debt, but he said he did not consider himself indebted to the plaintiff, because the plaintiff had it in his power to save himself. This is a clear admission that the debt had not been paid. The qualification made by the defendant was evidence to rebut the presumption of payment. The answer to his bill in equity proves that the debt had not been paid. 2 *Stark. Evid.* 894, 895. *Poe vs. Conway's Adm'r.* 2 *Harr. & Johns.* 307.

BUCHANAN, Ch. J. delivered the opinion of the Court. The appellee rests his defence upon the act of limitations of this state, on the effect and operation of which we are called upon to decide; and we approach the subject not without hesitation, surrounded and obscured as it is, by a cloud of discordant adjudications. Perhaps there is not a *British* statute which has given birth to so many conflicting decisions, as the statute of the 21 *James* I, *ch.* 16, the statute of limitations of that country; and we are familiar with the expressions of regret, by the eminent men who have sat in the judicial tribunals there, that the letter of that statute was ever departed from; a regret for which sufficient cause is to be found in the incongruity presented by the numerous decisions on that branch of the law.

The statute of *James* was never held in *England* to extinguish the debt, but was always understood as operating upon

the remedy only. In *Heyling vs. Hastings*, 1 *Ld. Raymond*, 389, *Holt*, Chief Justice, said that "the statute of limitations was founded upon very good reason, because men should not unravel contracts so long after, upon a supposition, that if they were not paid, they would sue sooner; and acquittances being subject to be lost, a man might be sued for what he had paid before." In *Quantock vs. England*, 5 *Burr.* 2628, Lord *Mansfield* said, "it was settled that the statute of limitations did not destroy the debt, but only took away the remedy." In *Mountstephen vs. Brooke*, 5 *Serg. & Low.* 245, *Abbott*, Chief Justice, said, "the statute was passed to protect persons who were supposed to have paid the debt, but to have lost the evidences of such payment." Hence after a consultation with all the judges, but one, it was stated by Lord *Holt*, in *Heyling vs. Hastings*, 1 *Lord Raymond*, 421, to be their unanimous opinion, that a promise by the defendant, at any time within six years before the commencement of the action, to pay the debt, was sufficient to take the case out of the statute. But that a bare acknowledgment of the debt within that period was held to be evidence only of a promise, and therefore not of itself sufficient. This distinction prevailed for a long time, but was at length broken down, and ceased to be regarded.

In *Yea vs. Fouraker*, 2 *Burr.* 1099, it was ruled that an acknowledgment of the debt, even after the commencement of the action, took it out of the statute of limitations. In *Quantock vs. England*, a submission to a commission of bankruptcy by a debtor, after the debt had been of more than six years standing, was held to be a waiver of the benefit of the statute, and such an acknowledgment as took the case out of it; and Lord *Mansfield* said, that the slightest word of acknowledgment would do it. And in *Trueman vs. Fenton*, 2 *Cowp.* 548, he said, "the slightest acknowledgment has been held sufficient; as saying, prove your debt and I will pay you; I am ready to account, but nothing is due to you. And much slighter acknowledgments than these will take a debt out of the statute."

These cases have been followed by a series of decisions from that time to this, by which this principle at least is now fully settled, that an acknowledgment of the debt by the defendant, within six years before the bringing of the suit, is sufficient to

take the case out of the statute of limitations; and very slight evidence, indeed, of an acknowledgment, has sometimes been deemed sufficient. In *Leaper vs. Tatton*, 16 *East*, 420, Lord *Ellenborough* said, "as the limitation of the statute is only a presumption of payment, if his own acknowledgment that he has not paid be shown, it does away the statute." In *Sluby vs. Champlin*, 4 *Johns. Rep.* 461, *Yates*, Justice, who delivered the opinion of the court, said, "it is now generally received as law, that if a party acknowledges a debt to be unpaid, it is such a waiver of the protection of the statute as to repel the presumption of payment, being a recognition of the former liability." And in *Sturges vs. Crowninshield*, 4 *Wheat.* 207, Chief Justice *Marshall* said, "statutes of limitations relate to the remedies which are furnished in the courts. They rather establish, that certain circumstances shall amount to evidence that a contract has been performed, than dispense with its performance."

Since the case of *Sluby vs. Champlin*, the distinction which formerly prevailed in *England* between a promise to pay, and an acknowledgment of the debt, has been revived in *New-York*; and now, both in that state, and in *Pennsylvania*, the latter is held to be evidence only, to be left to the jury, of a promise to pay. Proceeding upon that principle, it seems to be settled in those states, that though a slight acknowledgment of the debt, when standing alone, will be sufficient, yet that if the debtor qualifies his acknowledgment in such a manner as to show it is his determination not to pay, the statute will protect him; as where a man admits the debt to be due, but declares that he intends to insist on the benefit of the statute. (*Murry vs. Tilly*, cited with approbation in *Fries vs. Boisselet*, 9 *Sergt. & Rawle.* 131;) or admitting it to be due, declares that he will not pay it—as in *Fries vs. Boisselet*, where the proof was that the defendant on being arrested, said he owed the plaintiff the money, and intended to have paid him, but that he had taken ungentlemanly steps to get it, and as he had taken those steps he would keep him out of it as long as he could; which was held not to be sufficient to take the case out of the statute. And the same principle is fully recognized in *Sands vs. Gelston*, 15 *Johns. Rep.* 511, and *Roosebelt vs. Mark*, 6 *Johns.*

*Ch. Rep.* 266.   The only difference between the act of limi-
tations in this state, and the statute of *James* is, that here the
limitation is but three years; and in this state, the rule prevail-
ing in *England*, that an acknowledgment of the debt by the
defendant within the time prescribed for bringing the suit, is
sufficient to take the case out of the statute, has been adopted.
In *Barney vs. Smith*, 4 *Harr & Johns.* 485, the venerable
man who then presided, Judge *Chase*, said "the act of limita-
tions does not operate to extinguish the debt, but to bar the
remedy.   The act of limitations proceeds upon the principle,
that from length of time a presumption is created, that the debt
has been paid, and the debtor is deprived of his proof by the
death of his witnesses, or the loss of receipts.   It is the design
of the act of limitations to protect and shield debtors in such
a situation; and consistent with this principle and this view, the
decisions have been made, that the acknowledgment or admis-
sion of the debt will take the case out of the act of limitations;
because, if the money is still due and owing, the defendant has
not suffered from the lapse of time, nor has any inconvenience
resulted to him therefrom."   And again, in another part of his
opinion, he says, "the acknowledgment to the surviving part-
ner saves and preserves the remedy in the survivor, and avoids
the bar by the act of limitations.   It does not create a new
*assumpsit*, but is a saving of the remedy on the original pro-
mise."   We, therefore, are not called upon now for the first
time to give a construction to that act; that task has been per-
formed by others, at whose hands we have received it, with
their interpretation of it, from which, if we were disposed to
do so, we should not feel ourselves at liberty to depart.

Perhaps it would have been better, if instead of endeavour-
ing to rescue particular cases out of its operation, the letter of
the statute had been strictly adhered to; if the original debt
had always been considered as extinguished, and the moral ob-
ligation, treated as a sufficient consideration for an express pro-
mise to pay, on which to found an action.   But according to
all the cases, (for in this at least they agree,) the debt is consi-
dered as not extinguished, and the defendant can only avail
himself of the statute in *England*, and act of assembly here,
by pleading it; which, if he omits to do, it is held to be a waiv-

er of its benefit, and the plaintiff may recover on the general issue, though the debt should appear by the declaration to be of longer standing than the limited period. This settled construction has produced all the difficulties and discrepancies complained of; but it is a construction which is not now to be shaken by us: nor on the other hand should its operation be extended further than it has already gone.

Taking the act of limitations, then, as we find it, operating upon the remedy only, and not as extinguishing the debt; and feeling the necessity for a more definite and certain understanding of the effect of the adopted construction, than can easily be collected from particular cases, we will endeavour, not to reconcile the various decisions that are to be found in the books on this subject, but to lay down some general rules for the practical application of the principles they establish; that the act does not extinguish the debt, but only bars the remedy, and that an acknowledgment by the defendant of the debt, or a promise to pay it within the time prescribed, is sufficient to revive the action.

*First,* then, the suit is to be brought on the original cause of action, and not on the new promise or acknowledgment, which only has the effect to restore the remedy; which is not only according to the common practice, but is directly and strongly asserted in *Barney vs. Smith.*

*Second.* It need not be absolute and unconditional, but a conditional promise is sufficient; and in such case, it is incumbent on the plaintiff to show at the trial, either a performance of the condition, or a readiness to perform it; as if the words be, prove your debt, and I will pay you, which is an express promise to pay, on condition that the debt is proved. *Heyling vs. Hastings,* 1 *Ld. Raymond,* 389. *Trueman vs. Fenton,* 2 *Cowper,* 548. *Davies vs. Smith,* 4 *Espinasse Rep.* 36 *Loweth vs. Fothergill,* 4 *Camp. Rep.* 185. *Bush vs. Barnard,* 8 *Johns. Rep.* 407. These cases furnish different examples of conditional promises to pay, each of which was held sufficient to take the case out of the statute.

*Third.* An acknowledgment, to take the case out of the act of limitations, must be of a present subsisting debt, unaccompanied by any qualification or declarations, which, if true,

would exempt the defendant from a moral obligation to pay. For the law will not raise an *assumpsit,* or imply a promise to pay, what in equity and good conscience a man is not bound to pay. As if the defendant admits the debt, but at the same time resists the payment of it by alleging that he has a set-off against it, and that the plaintiff owes him more money; which virtually amounts to a denial of his liability, and a refusal to pay any part of it, on grounds furnishing a sufficient moral excuse for not paying it. And indeed, taking the whole of the acknowledgment together, (which must always be done,) is in effect equivalent to a declaration that the debt is discharged. If it were otherwise, and the plaintiff was permitted to avail himself of the acknowledgment of the debt, and to reject the qualification, injustice would always be done where the set-off, claimed by the defendant, should be itself barred by the act, or he should be in want of testimony sufficient to support it. Or, if he admits the receipt of money, and that it has not been paid, but claims it as a gift; which, if true, would exempt him from any liability to pay. Or, if on being called upon, the party says he has paid the debt, and will furnish the receipt, but fails to do so, this will not be sufficient to charge him; but is the very case intended to be provided for by the act, the case of a man who is supposed to have lost his evidence of payment.

*Fourth.* An acknowledgment of the debt, with a naked refusal to pay, or a refusal accompanied with an excuse for not paying it, which in itself implies an admission that the debt remains due, and furnishes no real objection to the payment of it, is sufficient.

*Fifth.* Any unqualified acknowledgment of a present subsisting debt, or acknowledgment, with no other excuse for not paying it than a reliance on the bar created by the act of limitations, is sufficient to take it out of the act. *Clarke vs. Bradshaw & Coghlan,* 3 *Esp. Rep.* 155. *Bryan vs. Horseman,* 4 *East,* 599. *Evans,* in the notes to his translation of *Pothier on Obligations,* suggests to those whose claims are barred by the statute, and who wish to obtain an acknowledgment of the subsistence of the debt, the utility of filing a bill of discovery, and adds, "if the subsistence of the debt is ad-

mitted, and without perjury it cannot be denied, it will not, if there is any consistency of decision, be of any avail to add a claim to the protection of the statute."

The act of limitations, according to the received construction, proceeds upon the supposition, that from length of time the debt is paid, and was only intended to protect a party where the presumption arising from lapse of time is, either, that the debt has been discharged, or never existed, and not to protect him from a debt acknowledged by himself to be still due and unpaid, with no other excuse for not paying it than the supposed bar created by the act. When, therefore, a party admits the debt to be due, but standing upon the act of limitations alone, in the same breath refuses to pay it, he admits a case, to which the act, according to its spirit and reason, does not apply, under the interpretation given to it, and his refusal cannot avail him. But the continuing existence of the debt continues and carries with it the implied *assumpsit* that the law raises, which is not rebutted by his refusal to pay. Hence the very common use in the books of the terms "takes the case out of the statute of limitations;" that is, that it is a case not embraced by the statute.

*Sixth.* The acknowledgment of the debt may be in whole or in part.

*Seventh.* It is sufficient if it be after the bringing of the suit. *Yea vs. Fouraker, 2 Burr.* 1099. Which could not regularly be if it stood upon the footing alone of evidence only of a new promise, the replication being *assumpsit infra tres annos* before the bringing of the suit, and confining the issue to a time within that period; so that an acknowledgment, made after the bringing of the suit, would not be within the issue. The issue, therefore, in such a case, must be sustained on the part of the plaintiff, on the idea of an implied promise, continuing and running with the old debt acknowledged to be *still* due.

*Eighth.* An admission that the sum claimed has not been paid, is not sufficient without some further admission, or other proof, that the debt once existed.

*Ninth.* The acknowledgment need not be made to the plaintiff himself, but may be made to any body else.

*Tenth.* What kind of promise or acknowledgment is sufficient to take a case out of the act of limitations, is for the court to decide; and the evidence offered to prove such promise or acknowledgment, is proper to be submitted to the jury, as in other cases, under the direction of the court.

It has been contended in this case, that where the defendant alleges the debt to have been discharged, and refers to a particular mode of discharge, the plaintiff may entitle himself to recover by disproving the mode of discharge referred to. We are aware that the same has been said elsewhere. In *Hellings* *vs. Shaw,* 2 *Serg. & Low.* 236, Chief Justice *Gibbs* said, "where the defendant has stated, not that the debt remained due, but that it was discharged by a particular means, to which he has with precision referred himself, and where he has designated the time and mode so strictly, that the court can say it is impossible it had been discharged in any other mode. There the court have said, if the plaintiff can disprove that mode, he lets himself in to recover, by striking from under the defendant the only ground on which he professes to rely." But afterwards, in *Beale vs. Nind,* 6 *Serg. & Low.* 517, Justice *Bayley,* after reciting the words of Chief Justice *Gibbs,* says, "I certainly am not aware of the cases to which my Lord Chief Justice *Gibbs* refers to support that proposition." Thus strongly questioning the soundness of the proposition, to which, (seeing the inroads that have already been made upon the statute, which we are not disposed to push any farther, and no such decision having been made by this court,) we are not prepared to yield our assent; but think that every acknowledgment of a debt, which is offered to take a case out of the act of limitations, must be taken all together; and that no evidence can be received to turn a denial of the existence of the debt into an acknowledgment of a subsisting liability, by proving that he was mistaken in supposing it to have been paid. Which would be to take a case out of the act of limitations by other proof than the acknowledgment of the party; for in such a case he manifestly not only does not intend to acknowledge a present subsisting debt, but in fact denies it, and there is nothing to carry, or on which the law can raise an implied *assumpsit.* The declarations of the defendant are the plaintiff's own proof,

and if he chooses to introduce them, he must be content to take them as they are, and cannot be permitted to disprove them by other evidence, in order to raise an implied promise, or to furnish evidence of a promise to pay a debt, the existence of which is denied.    With these views of the subject we do not think, from the evidence set out in the record, that the plaintiff is entitled to recover.    Whatever might have been the effect of the expressions of regret by the defendant, if they stood alone, "that the plaintiff had been excluded from the deed of trust, and had not been allowed to come in for his claim," the declarations, always accompanying them, "that he did not consider that he was indebted to the plaintiff, because he had it in his power to have saved himself with the securities received from *William Taylor,* and ought not, therefore, to have looked to him for the money," sufficiently show that it never was his intention to acknowledge the claim of the plaintiff as a subsisting debt due by him, but on the contrary, taken together, amounted to a denial of any existing liability on him to pay; and for a reason, which, if true, furnished a real objection, and sufficient excuse for not paying it.    For, if the plaintiff had in his hands securities with which he should and might have covered the amount of his claim, but from negligence or misapplication of the funds did not do so, he should not now look to the defendant for it; nor can he be permitted by evidence of the insufficiency of those securities to convert the defendant's denial of his liability into an acknowledgment of a present subsisting debt.

*JUDGMENT AFFIRMED.*