JOHN BROOKES *vs.* ZADOCK C. CHESLEY.—*December* 1846.

Where the defendant said, within three years of action brought, in a conversation respecting the plaintiff's account, it had been presented to him before by the clerk of the plaintiff, and that he had stated to the clerk, he would settle the account if the plaintiff would take off the interest, the account being also proved, the defendant cannot insist that the evidence is not sufficient to take the claim out of the act of limitations.

APPEAL from *Prince George's* county court.

This was an action of *Assumpsit* brought on the 14th November 1843, by the appellant against the appellee. With

the declaration the plaintiff filed an account of goods sold and delivered. Issues were joined on the pleas of *non assumpsit,* and limitations.

In the trial of this cause the plaintiff offered in evidence to the jury, the account declared on in the present action, and then proved to the jury by a competent witness, that shortly before the institution of the present suit, which was in March 1843, he, the witness, had a conversation with the defendant, respecting the claim of the plaintiff, in which he stated to the defendant, that the plaintiff had placed in his, the witness' hands, an account against him, the said defendant, for upwards of two hundred dollars, and desired him to settle it; that the defendant replied, that the plaintiff's account had been presented to him before by *Mr. White,* the clerk of the plaintiff, and that he had stated to him, the said *White,* that he would settle the account, if the plaintiff would take off the interest; and the said witness further stated, that the defendant told him, that he would settle the account now sued on, if the plaintiff would deduct the charges for interest contained in the account; he also stated, that he advised the plaintiff to deduct the interest from said account, but the plaintiff refused to do so.

Upon this proof, the defendant prayed the court to instruct the jury, that the evidence aforesaid, if believed by them, was not sufficient to take the case out of the operation of the statute of limitations; which opinion the court, (MAGRUDER, C. J., and C. DORSEY, A. J.,) gave to the jury, and so instructed them. The plaintiff excepted.

2ND EXCEPTION. The plaintiff then, upon the foregoing evidence contained in the preceding bill of exceptions, which, by agreement, is made a part of this, prayed the court to instruct the jury, that the plaintiff was entitled to recover for all that portion of the account declared on, and given in evidence in the present suit, which had accrued within three years prior to the acknowledgment of the defendant, as given in evidence; provided the jury find from the evidence, that such acknowledgment of the said account by the defendant, was made. But the court were of opinion, and so instructed the jury, that upon the evidence, the plaintiff was not entitled to recover any

part of said account; and no other testimony being offered, the court instructed them to find a verdict for the defendant; to which opinion of the court, the plaintiff excepted.

The plaintiff appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE and MARTIN, J.

By T. F. BOWIE, for the appellant, and
By C. C. MAGRUDER for the appellee.

SPENCE, J., delivered the opinion of this court.

This is an action of *assumpsit*, instituted in *Prince George's* county court. The defendant pleaded *non assumpsit*, and the statute of limitations, *(actio non accrevit,)* to the counts in the nar.

The bill of exceptions states :—" In the trial of this cause the plaintiff to maintain the issues on his part joined, offered in evidence to the jury the account declared on in the present action; and then proved to the jury, by a competent witness, that shortly before the institution of the present suit, which was in March 1843, he, the witness, had a conversation with the defendant, respecting the claim of the plaintiff, in which he stated to the defendant, that the plaintiff had placed in his hands an account against him, the defendant, for upwards of two hundred dollars, and desired him to settle it; that the defendant replied, that the plaintiff's account had been presented to him before, by *Mr. White*, the clerk of the plaintiff, and that he had stated to him, the said *White*, that he would settle the account if the plaintiff would take off the interest. And the said witness further stated, that the defendant told him that he would settle the account, now sued on, if the plaintiff would deduct the charges for interest contained in the account."

" Upon this evidence the defendant, by his counsel, prayed the court to instruct the jury, that the evidence aforesaid, if believed by them, was not sufficient to take the case out of the operation of the statute of limitations; which opinion the court gave to the jury, and so instructed them. To which opinion

of the court, and instruction to the jury, the plaintiff, by his counsel, excepted," &c.

This exception raises the vexed question, which has so long and so frequently embarrassed courts of law both in *England* and this country, namely, what declarations, admissions, or promises, will remove the bar raised by the statute of limitations?

We deem it unnecessary, in this case, to travel through the numerous cases, to be found in almost every volume of reports, for the purpose of ascertaining by analogies, whether the language used by the defendant, as given in evidence, does or does not remove the bar raised by the statute of limitations.

The words relied on by the plaintiff as sufficient to take the case out of the statute, are, "that he would settle the account if the plaintiff would take off the interest." And again, "that he would 'settle the account now sued on, if the plaintiff would deduct the charges for interest contained in the account."

An acknowledgment, to take a case out of the statute of limitations, must be of a present subsisting debt, unaccompanied by any qualification or declaration, which, if true, would exempt the defendant from any moral obligation to pay." *Oliver vs. Gray*, 1 *H. & G.*, 216.

Does not the language used by the defendant, amount fully to an acknowledgment, that the account was a present subsisting debt? Was the condition or qualification, if true, such an one as exempted the defendant from a moral obligation to pay? We think not. But on the contrary, that it was equivalent to an admission of the sale and delivery of the articles charged in the account, (except the interest,) with a promise to pay.

In *Keplinger vs. Griffith*, 2 *G. & J.*, 296, the defendant, when called on for payment of his note, said, "that he would not pay it; that *Chevalier* had charged him too much, and some discount must be taken from it; and that he must see *Mr. Chevalier* on the subject." This was held to be a clearly implied admission, "that the debt remained due and unpaid; and the excuse alleged for not paying it, furnished no real objection to paying it, if true."

So in this case, we think, the plaintiff was under no obligation to deduct, or discount, the items of interest from his account; nor did his refusal to do so, exempt the defendant from a moral obligation to pay the account.

The court, therefore, erred in their instruction to the jury, that the plaintiff was not entitled to recover.

It follows from the view which we have taken of the law, under the first exception, that the court erred in their second instruction to the jury, where they instructed them to find a verdict for the defendant.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.