# Henry S. Mitchell vs. James C. Sellman.

As a general rule, a partnership debt cannot be set off against a debt due one of the partners individually, but it may be done by an *express agreement* between the parties to that effect.

Every plea must answer all that it assumes in the introductory part to answer, and if it begins as an answer to part of the declaration, and is in truth but an answer to part, it is sufficient as far as it extends.

A plea that at the time the debt, for which the note in suit was given, was contracted, it was agreed between the plaintiff and defendant that the amount of the note should be deducted from the rents of a fishery which the plaintiff, with others, as partners, had rented from the defendant, is a good defence.

Under leave to file additional pleas, the plea of limitations may be filed, provided it be within the time that the rules of court would have allowed if the party had filed no pleas before, but had been put under rule plea to the first plea day after appearance.

Improper evidence offered on one side does not justify the introduction of irrelevant matter by the other party.

An acknowledgment that the note was correct, but that there were unsettled accounts between the parties, and defendant did not know how much he would owe the plaintiff on settlement, is not sufficient to remove the bar of the statute of limitations.

But an admission that the notes were due and unpaid, and that defendant would settle them provided he was credited with rents due him by a firm of which the plaintiff was a member, is sufficient to remove the bar of the statute, because the refusal to pay is upon insufficient grounds.

Where a party admits a debt, barred by the statute, to be due, and refuses to pay it upon insufficient grounds, the law will raise a promise to pay it, *in invitum;* but if the admission be accompanied by declarations, which, if true, would exempt the party from a moral obligation to pay, it is not sufficient.

There must be a promise to pay, express or implied, to remove the bar of the statute, and it is such promise that reanimates the old one and imparts validity to the remedy.

APPEAL from the Circuit Court of Charles county.

*Assumpsit* by the appellee against the appellant. The counts in the declaration, and the circumstances under which the pleas were filed, are fully stated in the opinion of this court. The third and fourth pleas, general demurrers to which were sustained, are in substance as follows:

3rd. And for further plea in this behalf, the defendant says, that prior to the execution of the said promissory note, the plaintiff, with Crook and Musgrove, rented of defendant a fishing shore in Charles county for four years, and took possession thereof; and that the consideration of said note was purchases of merchandise from the plaintiff, and claims of said Sellman, Crook & Musgrove, on account of sums expended by them on said fishing shore, for which defendant was liable to them, and that the individual claim of Sellman and the partnership claim of Sellman, Crook & Musgrove, were blended together and made the amount and consideration of said note; and that said Sellman, Crook & Musgrove, at the time of the institution of this suit, were indebted to defendant on account of said rent in a sum far exceeding the amount of said note, to wit, the sum of $3600, which is still due and unpaid, and which, or so much thereof as is necessary, defendant prays

48      v.5

may be deducted and set off in discharge of said note, accord-
ing to the act of Assembly, in such case made and provided,
and this he is ready to verify, wherefore, and soforth.

4th. And for further plea in this behalf the defendant says,
that the plaintiff ought not to have and maintain his said ac-
tion on account of said promissory note, because he says, that
prior to the execution of the same, defendant had purchased
merchandize of the plaintiff, for which said note was given,
and that prior to said purchase, the said Sellman, with Crook
and Musgrove, had rented of defendant a fishing shore in
Charles county, and that it was agreed upon between said
Sellman and defendant at the time of contracting the debts for
which said note was given, that the same should be deducted
from the rent annually accruing for said fishing shore; and the
defendant says, that at the time of the institution of this suit
there was due to him, for rent as aforesaid, a sum of money
far exceeding the amount of said note, to wit, the sum of
$3600, which, or so much thereof as is necessary, defendant
prays may be deducted and set off in discharge of said note,
according to the act of Assembly, in such case made and pro-
vided, and this, and soforth; wherefore he prays judgment,
and soforth.

After the demurrers to the above pleas were ruled good, and
the court had overruled the *ne recipiatur* of the plaintiff to the
plea of limitations, which had been filed under the circumstances
stated in the opinion of this court, the cause was tried upon is-
sues joined upon the pleas of *non assumpsit* and limitations.

1*st Exception.* This exception was taken by the plaintiff to
the decision of the court below, (CRAIN, J.,) in overruling his
*ne recipiatur* to the plea of limitations. In doing this the
court relied upon its 24th and 27th rules, the first of which is:
"If the defendant neglects to plead by the rule day he shall
not plead the act of limitations, unless the declaration shall be
amended;" and the second: "The rule day for filing declara-
tions and all pleadings, &c., shall be the third Monday of
January and third Monday of June, respectively," and also
upon the fact that the plea was filed before the plea day.

*2nd Exception.* This exception was taken by the defendant and is fully stated in the opinion of this court.

*3rd Exception.* After the evidence of Wilson and Alexander Sellman (which is fully stated in the opinion of this court,) had been offered, the defendant asked the court to instruct the jury, that the evidence of Wilson was not sufficient under the pleadings to remove the bar of limitations as against the note, dated 15th of January 1846; and further, that the evidence of Sellman is not sufficient under the pleadings to remove the bar of limitations as against either or both of said notes, but the court was of opinion, and so instructed the jury, that the evidence given was sufficient, if believed by them, to remove the bar of the statute of limitations in respect to both of said notes. To this ruling the defendant excepted, and the verdict and judgment being against him he appealed.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Daniel C. Digges* and *John M. S. Causin* for the appellant.

1st. Our *third* plea sets out a good set-off. The courts are anxious to extend the doctrine of set-off, and it has been held that a surviving partner may set off a debt due the firm against his individual debt. 2 *Saund. on Pl. and Ev.*, 789. 8 *Bac. Abr.*, 643, 649. 2 *Term Rep.*, 36. But the *fourth* plea is clearly good, for a joint debt may be set off against a separate debt by a *special agreement* to that effect. 2 *Taunt.*, 170, *Kinnerley vs. Hossack.* 8 *New Hamp.*, 541, *Mahurin vs. Pearson, et al.* 6 *Do.*, 27, *Woods vs. Carlisle, et al.* 15 *Eng. C. L. Rep*, 27, *Bourne vs. Benett.* One partner has the right to make such an agreement as is stated in this plea. 7 *H. & J.*, 32, *Coursey vs. Baker. Story on Contracts, sec.* 115. Some objections are taken to the forms of these pleas, but such defects can only be taken advantage of on general demurrer. *Stephen's Pl.*, 141.

2nd. The question arising upon the first exception is not open in this court, because the plaintiff gained the verdict below and has not appealed. 9 *Gill*, 520, *Townshend vs.*

HARVARD LAW SCHOOL LIBRARY.

*Townshend.* 1 *Md. Rep.,* 79, *Lawson vs. Snyder.* But if it be open the plea was properly received, because the application to file an additional plea was made and the plea was filed *before the rule day.* There is no authority which forbids the filing of this plea after defence and before the rule day, and besides the rules of court allowed it to be filed before the rule day, and these rules cannot be violated. 2 *H. & G.,* 79, *Wall vs. Wall.* See also 9 *Gill,* 263, *Newcomer vs. Keedy.* 2 *Gill,* 436, *Randall vs. Glenn.* 5 *Gill,* 94, *Gardiner vs. Miles.*

3rd. The court erred in admitting the testimony set out in the second exception, because it was clearly *irrelevant* to the issues in the case.

4th. The court also erred in instructing the jury that evidence offered in the third exception was sufficient to remove the bar of the statute of limitations. If to the acknowledgment of an existing debt there be added a qualification, which, if true, would morally exempt the party from paying it, the acknowledgment is not sufficient. It must be an acknowledgment of the debt, and not of an *unascertained balance;* so if it be an acknowledgment with claim of set-off it is not sufficient. See 2 *G. & J.,* 301, *Keplinger vs. Griffith.* 4 *G. & J.,* 511, *Frey vs. Kirk.* 1 *H. & G.,* 204, *Oliver vs. Gray.* 6 *Gill,* 83, *Guy vs. Tams.* 7 *Gill,* 100, *Ellicott vs. Nichols.* *Angel on Limitations,* 258. 1 *Pet.,* 351, *Bell vs. Morrison.* 9 *Leigh,* 381. 4 *Gill,* 205, *Brookes vs. Chesley.* 7 *Gill,* 43, *Carter vs. Cross.*

*Robert J. Brent* for the appellee.

1st. The only point in the second exception, which was the first taken by the appellant, is as to the admissibility of *rebutting* testimony. If the testimony of Carpenter, introduced by the defendant, was relevant and material, the plaintiff could rebut it by offering the lease. 3 *Md. Rep.,* 187, *Emory and Gault, vs. Owings.*

2nd. The evidence referred to in the third exception was sufficient to remove the bar of the statute. There need not

be an express promise, for the law implies a promise whenever there is an admission of a subsisting indebtedness. 7 *Gill*, 47, *Carter vs. Cross. Ibid.*, 99, *Ellicott vs. Nichols.* 2 *G. & J.*, 301, *Keplinger vs. Griffith.* 6 *Gill*, 83, *Guy vs. Tams.* But the appellant must show an error prejudicial to him, and if the claim could not be set off against the suit there was no such prejudice. 9 *Gill.* 5, *Dakin vs. Pomeroy and Crafts.* But again, there was no prejudice done, because the plea of limitations was improperly admitted, and in this view our exception will be considered, though we are the appellee. 1 *Md. Rep.*, 77, *Lawson vs. Snyder.* After pleading to the merits the party cannot, without an amendment of the declaration, plead limitations. See on this point 2 *H. & G.*, 80, *Wall vs. Wall.* 4 *G. & J.*, 382, *Johnson vs. Green.* 1 *H. & McH.*, 401, *Perkins vs. Perkins.* 3 *H. & McH.*, 324, *Lamott vs. McLaughlin.*

3rd. As to the demurrers to the *third* and *fourth* pleas: The third is clearly bad, because it is simply an attempt to set off a partnership against an individual indebtedness, which cannot be done. 1 *Md. Rep.*, 185, *McPherson vs. Ross. Collyer on Part.*, sec. 761. The plea has no commencement, there is no "*actionem non*," and does not pray judgment, and is bad for these reasons. 1 *Chitty's Pl.*, 523, 554. The *nar* has several counts and the plea is no answer to it, for it merely says "for further plea in this behalf." It must show to what part of the declaration it is an answer. 1 *Chitty's Pl.*, 523, 524. 12 *Wend.*, 402, *Etheridge vs. Osborn.* 20 *Johns.*, 204, *Sterling vs. Sherwood.* 2 *H. & G.*, 336, *Crain vs. Yates.* The fourth is liable to the same technical objections. This plea does not say the note was given *in consideration* of the agreement stated in it. 1 *Chitty's Pl.*, 294, 294, *(a,)* 296. There is no averment of readiness and offer to perform the defendant's part of the agreement stated. *Chitty's Pl.*, 296, 297. Again, if binding the claim in the agreement is for *unliquidated* damages, and as such is not the subject of a plea of *set-off.* 9 *Gill*, 1, *Dakin vs. Pomeroy, et al.*

Mitchell *vs.* Sellman.

TUCK, J., delivered the opinion of this court.

The appellee sued the appellant *in assumpsit*, on the 2nd May 1850. He declared upon a promissory note of the defendant, to him as payee, dated January 15, 1846, payable at four months, for $894. The declaration also contained the money counts, and an *insimul computassent*. The defen. dant appeared at July term, 1851, the first after the process was served, which commenced on the 21st July, and at that term he filed four pleas which are set out in the record, and also notices of accounts in bar. These notices and the second plea were afterwards withdrawn. The plaintiff joined issue on the first plea, *non assumpsit*, and demurred generally to the third and fourth. At the same term the defendant prayed leave to file an additional plea, which was granted, where-upon he pleaded *actio non accrevit*. The plaintiff prayed an imparlance until the next term, at which he entered a *ne re- cipiatur* to the plea of limitations, which the court refused to allow, and required him to reply to that plea, which was done. After the pleas had been put in, the plaintiff filed in court two. promissory notes of the defendant to him; one for $894, mentioned in the declaration, and another for $895.69, dated 31st January 1846, at four months. The court having sus- tained the demurrers to the third and fourth pleas, the parties went to trial upon the pleas of *non assumpsit* and limitations, and the verdict and judgment being against the defendant, he appealed. We will dispose of the points presented in the order in which they arise on the record.

We are of opinion that the demurrer to the third plea was properly ruled with the plaintiff. It was merely an offer on the part of the defendant, to set off a debt due to him by Sellman, Musgrove & Crook, against one due by him to Sell- man individually; which most clearly cannot be done. But we think that the demurrer to the fourth plea should have been overruled. It avers that before the debt was contracted, for which the note mentioned in the declaration was passed, the defendant had rented to Sellman, Musgrove & Crook, a fishing landing, and that at the time the debt was contracted, it was agreed between the plaintiff and defendant, that the

amount should be deducted from the rents annually accruing from the fishery; and that at the commencement of the suit, these parties owed him more than the amount of the note for which he claimed a set-off. We cannot doubt that this was an available defence. The plaintiff at the time of the contract, made this agreement with the defendant; why should he not be held to its performance? The purchases for which the note was given might never have been made, but for this arrangement, as to the mode of payment. If the tenants in settling among themselves, had, under this agreement, paid so much of the rent to Sellman, there could not be a doubt that they would have been discharged *pro tanto.* If he can be bound, Sellman is equally liable when he seeks to recover the amount of his claim. Taking the note does not, as between the original parties, vary the principle, in the absence of anything to show that the note merged the original agreement, or was taken as a substitute for it. The justice of the case is apparent, as between the parties, and Sellman, as partner in the fishery, had authority to arrange with the defendant the mode of paying the rent. It could make no difference to the partners that so much of the rent was to be settled with Sellman instead af Mitchell.

But the question is clear of difficulty upon authority. Although as a general rule a joint debt cannot be set off against a separate one, nor a separate debt against a joint one, yet, it may be done by express agreement between the parties to that effect. *Babbington on Set-Off,* 37, (6 *Law Lib.,*) *Collyer on Partnership,* sec. 764. 2 *Taunt.,* 170, *Kinnerley vs. Hossack,* 1 *Chitty's Pl.,* 571. *Bourne vs. Benett,* 4 *Bing.,* 423. *Lovel vs. Whitridge,* 1 *McCord,* 7. 7 *Wendell,* 326. *Story on Partnership,* sec. 395.

Several objections to this plea were taken by the appellee's counsel, which we think, cannot be sustained. No new consideration was necessary for the agreement. It was not a new one made after the note was given. This mode of payment was provided for in the original transaction. If the defendant had at that time paid Sellman by an order on the firm for so much of the rent, could it be said that the order was *nudum pactum?*

No averment of readiness to perform the agreement, on the part of the defendant, was necessary. There was nothing for him to do. The parties had rented the landing. The agreement between plaintiff and defendant was an application of so much of the rents; and all that Sellman had to do was to credit the rents on the note, as they became due. The legal import of the plea is that the note was paid, and so much of the rent also discharged. It is not a case of unliquidated damages. The amount of the note and the rent due, are clearly stated, and, looking to the plea itself, it leaves nothing to be ascertained.

The objection that the plea relates only to one of the notes cannot avail. It answers all that it professes to answer. There is only one note declared upon. If the other can be said to be in the record, merely from being filed in the cause, it was not on file when the pleas were put in. "Every plea must answer the whole declaration or count; or rather all that it assumes, in the introductory part, to answer, and no more. If a plea begin as an answer to part, and is, in truth, but an answer to part; as if a defendant, in trespass for taking two sheep, plead that the plaintiff ought not to have his action as to one, because he took that one doing damage on his close, it is sufficient as far as it extends." 1 *Chitty's Pl.*, 523. The objections as to want of defence and prayer for judgment do not apply to this plea. Whether they can be sustained against the third plea we need not enquire, as that demurrer was ruled good on another ground.

The next question arises on the plaintiff's exception to the refusal of the court to strike out the plea of limitations. As the verdict and judgment were for the plaintiff, and he has not appealed, this exception is not necessarily before us. But as the record will be remanded, it is deemed proper to pass upon the point decided below. The ruling of the court is not inconsistent with the rules of court set out in the record. This plea will not be received after the rule day has passed, unless the declaration be amended. But here the time for pleading had not expired. At the term at which the first four pleas were filed, the defendant obtained leave to file an addi-

tional plea. At this time he was not under rule to plead. In the case of *Gardiner vs. Miles, 5 Gill,* 94, the court held that the filing of additional pleas was not an abandonment of those previously on the record. Here the question is, whether the plea of limitations can be filed as an additional plea, with the leave of the court, within the time that the rules would have allowed if he had not filed any pleas before, but had been put under rule plea to the first plea day after appearance? The terms of the rules sanction what was done, as we think. This not being a plea to the merits, is more rigidly dealt with than some other defences. The restrictions imposed, however, are not to be extended by construction, beyond the terms employed, especially in a case where it does not appear that the plaintiff has suffered by the course pursued. This exception is affirmed.

The *first* exception on the part of the defendant presents a question as to the admissibility of a lease and a modification thereof, offered by the plaintiff. After the plaintiff had proved by witnesses, Wilson and Sellman, certain declarations on the part of the defendant in reference to his debts to the plaintiff, and his claim for rent against a firm of which the plaintiff was a member, the defendant proved by Mr. Carpenter that the plaintiff had said that the rent was $700 per annum, whereupon the plaintiff offered the paper set out in the exception "for the purpose of showing that the amount of rents was subject to certain deductions, and that said rent was payable by the lessees therein named," to which the defendant objected; but the evidence was admitted by the court. It is settled as a rule of evidence, that improper testimony offered on one side does not justify the introduction of irrelevant matter by the other party. *Walkup vs. Pratt, 5 H. & J.,* 56. We do not perceive what connection there was between this proof offered by the plaintiff and the issues in the cause. The same is true of the evidence of Carpenter. The pleas were *non assumpsit* and limitations. The amount of the rent had nothing to do with these issues nor with the case, inasmuch as the court had sustained the plaintiff's demurrer to the plea, proposing to rely on an agreement between the parties as to

the application of these rents to the debt sued on. If issues had been framed on that plea, this evidence on the part of the defendant and that offered by the plaintiff would have been admissible. This ruling of the court we must therefore reverse.

The second exception taken by the defendant raises two questions upon the statute of limitations:—1st, as to the sufficiency of the declarations of the defendant, proved by Wilson, in relation to the note for $894; and 2nd, as to those proved by Sellman in relation to both notes offered in evidence. The defendant said to Wilson that the first note "was correct, but he could not pay it out of the money due by the witness to him, (as witness had proposed,) as he had other uses for said money. In the same conversation the defendant added, that there were unsettled accounts between plaintiff and him, and he did not know how much he would owe plaintiff on a settlement; but he said nothing about any rent being due to him from plaintiff." These admissions place this part of the case within the reason of the third rule laid down in *Oliver vs. Gray*, 1 *H. & G.*, 216, 217. They import a present subsisting debt, but accompanied by declarations, which, if true, exempt the defendant from a moral obligation to pay. If there were unsettled accounts between the parties, equity and good conscience did not oblige him to pay this note without his credits being allowed. The evidence does not show what was the character of these unsettled claims. They may have been such as were barred by limitations, and if so, the defendant might be subjected to the very risks mentioned by the Court of Appeals—the probability of the creditor's availing himself of the acknowledgment but rejecting the qualification. The plaintiff must take the admissions of the debtor as they are made. He cannot disprove them so as to take the benefit of such portions as are favorable to his case and avoid the effect of other portions. We think that the meaning of these statements is, that the defendant had executed the note, but he did not then acknowledge it as a debt, because there were unsettled accounts between the plaintiff and himself, the state of which he did not know. The evidence of Wilson, for

Mitchell vs. Sellman.

these reasons, was insufficient for the purpose for which it was offered.

We entertain a different opinion, however, as to the evidence of Alexander Sellman. According to his statement the defendant "admitted that both notes were due and unpaid, and then and there said he would settle said two notes, provided he was credited with the rents due to him for his fishing shore by Musgrove & Co., of which concern the plaintiff was a member; that the plaintiff was willing to settle said rents in the way proposed, but he and defendant could not agree on the amount due by said firm for rents, because plaintiff claimed to charge certain expenses against the rents, which defendant would not allow, (and which the witness specifies.")

The decisions in Maryland upon this question are reviewed in *Ellicott vs. Nichols*, 7 *Gill*, 96, the result of which is that there must be a promise, express or implied: "It is not the mere acknowledgment of a subsisting debt which removes the bar. Where a debt is admitted to be due the law raises a promise to pay it: and it is this new promise, either made in express terms or deduced from an acknowledgment as a legal implication, which is to be regarded as reanimating the old promise or as imparting vitality to the remedy." "If a party admits a debt to be due, but at the same time refuses to pay it, upon insufficient grounds, the law will raise a promise to pay it, *in invitum*, and against the will of the debtor." In such cases the question is not as to the intent of the debtor in using the words on which the creditor relies as evidence of the new promise, but what interpretation does the law place upon them? for it seems that he may be held liable against his will to reassume the responsibility of the debt.

Applying these principles and the third and fourth rules stated in *Oliver vs. Gray*, we do not perceive how the defendant can avoid the claim of the plaintiff. He admitted that both notes were due and unpaid, and said he would settle them upon the terms proposed by himself. The case is expressly within the words of the decisions referred to so far as the acknowledgment goes; and the only question is, whether the subsequent expressions as to the mode of payment can be

construed to be a refusal to pay on sufficient grounds? The debt due by Musgrove & Co. to the defendant was not the subject of set off against this claim in the absence of an agreement to that effect. If he had placed his demand for that mode of settlement on the ground of an agreement between himself and Sellman, one of the partners, that one should be set-off against the other, the case would have been different. There would then have been no moral obligation on him to pay the note while his creditor was refusing to carry out an agreement as to the mode of payment. According to the admission the note was due and unpaid. If so, it made no difference in point of law whether Musgrove & Co. paid their debts or not. By the law his was to be paid without reference to theirs. The partnership creditors were entitled to be paid first to the extent of assets; but, by the condition annexed to his promise he requires to be paid in full, or at least without reference to the sufficiency of the joint property to pay other joint debts. The debtor has no right to qualify his promise by annexing any condition or assigning any excuse he may choose. It must be one that the law deems sufficient. In *Frey vs. Kirk,* 4 *G. & J.,* 509, the debtor admitted that the cause of action was unpaid, but said he had been discharged by the insolvent laws. The court held that this was not the admission of a subsisting debt, but a denial of its existence, because the law had discharged it. But in *Keplinger vs. Griffith,* 2 *Gill & Johns.,* 296; *Brookes vs. Chesley,* 4 *Gill,* 205; *Carter vs. Cross,* 7 *Gill,* 43; it was held that the qualifications accompanying the admissions of the debt were not of such a character as avoided the legal effect of the acknowledgment. Upon the whole we are of opinion, that the terms proposed by defendant, even if rejected by the plaintiff, furnished no valid objection to the payment of the notes.

We approve of the ruling of the court as to the evidence of Sellman, but dissent as to that of Wilson; and if the prayer as offered had been rejected, merely, the exception would have been affirmed. But the court, without discriminating between the witnesses, instructed the jury that the evidence was sufficient to remove the bar of the statute as to both notes. The

instruction submitted to the jury the evidence of both these witnesses, when, as we have said, that of Wilson was insufficient. We therefore reverse the judgment on this exception.

*Judgment reversed and procedendo awarded.*