## BOOGHER *v.* BYERS.

STATUTE OF LIMITATIONS; PLEADING AND PRACTICE; AFFIDAVIT OF DEFENCE; PRESUMPTIONS.

1. The operation of the act of limitations of Maryland of 1715, Ch. 23, in force in this District, is not to extinguish the debt on simple contract, but only to bar the remedy; and the action must be brought on the original cause of action, and not on any new promise or acknowledgment that may be made, which only restores the remedy.

2. If, in an action on a promissory note, the plaintiff's declaration is properly supported by an affidavit under the 73d Rule and the defendant pleads *non assumpsit,* coverture of the plaintiff and the statute of limitations, but such pleas are not supported by counter affidavit as required by that rule, the plaintiff is entitled to a summary judgment.

3. The defendant's failure to support by affidavit his plea of the statute of limitations in such a case fairly gives rise to the presumption of an acklowledgement that would revive the right to recover the claim.

No. 683. Submitted February 10, 1897. Decided March 2, 1897.

HEARING on an appeal by the defendant from a judgment

under the 73d Rule of the Supreme Court of the District of Columbia in an action on a promissory note. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Fulton & Edwards* for the appellant:

All actions of this character must be based upon a subsisting and enforceable claim. Where the right of action is barred a new promise is necessary to create a subsisting and enforceable claim, and to avoid the statute of limitations the plaintiff "is required to prove a new promise within three years." *Pumphrey* v. *Bogan*, 8 App. D. C. 449.

The plaintiff's declaration, her particulars of demand, which, under our system, defines the application of the common counts and limits the plaintiff's right of recovery, and her affidavit show the note is absolutely barred by the statute of limitations, and her pleadings, instead of showing that she is entitled to judgment for the amount sued for, "exclusive of all set-offs and just grounds of defence," clearly shows that defendant has the grounds of an absolute defence. There is, then, no subsisting and enforceable claim presented by the plaintiff. A new promise is, therefore, a necessary element in this case. Where the entire cause of action appears to be barred, "no judgment can be entered for want of an affidavit." Endlich on Affidavits of Defence, Sec. 190, 610; *Newton* v. *Smith*, 6 W. N. C. 56.

The plaintiff must state such facts as will take the case out of the effect of the statute. The defendant may simply file a suggestion that the claim set out is barred. *Hines* v. *Porter*, 1 Pears. 155; *Wilson* v. *Hays*, 18 Pa. St. 354.

Under these circumstances the defendant is not required to verify his pleas. There is no legal virtue in the plaintiff's affidavit to which the defendant is required to respond. The defendant's pleas are borne out by the record, corroborated by the verified declaration and particulars of demand of the plaintiff, which is sufficient evidence of good faith to entitle him to a trial of the merits of the case by a jury.

The defendant should not be defaulted or deprived of a regular trial by jury by any rule, however beneficial it may be deemed as a means of preventing feigned defences or desirable for expediting business, when the plaintiff's declaration is defective.  *Strauss* v. *Hensey,* 7 App. D. C. 289; *Sheldon* v. *Call,* 55 Me. 159.

The court, in contemplation of law, is bound, before giving judgment in any case, to examine the whole record; and, according to the legal right, as it may appear on the whole record, adjudge either for the plaintiff or defendant.  Stephen on Pleading, 143, 144.  The United States Supreme Court has adopted and adhered to this rule since 1803.  *Wilson* v. *Lenox,* 1 Cranch, 194; *Thompson* v. *Jameson,* 1 Cranch, 282; *Hodgson* v. *Butts,* 3 Cranch, 140; *Gettings* v. *Burch,* 9 Cranch, 372.

*Mr. John J. Hamilton* for the appellee:

1. The defendant's third plea is a plea to the disability of the plaintiff, to wit, the plea of coverture; and this is a plea in abatement.  1 Encl. of Pleading and Practice, pp. 3 and 9.  The plaintiff's coverture is pleadable only as a dilatory plea.  It is no defence in bar, because the fact of her coverture goes neither in denial or avoidance of the cause of action, but simply in denial of her legal ability to commence or prosecute the suit alone.  Gould on Pleading, p. 232, Sec. 53; *Hayden* v. *Attleborough,* 7 Gray, 338; Dicey's Parties to Actions, p. 204, Rule 32; Com. Dig., Abatement, E. 6; *Powell* v. *Glenn,* 21 Ala. 458; *Sheidle* v. *Weishlee,* 16 Pa. St. 134; *Atwood* v. *Higgins,* 76 Me. 423; *Lovell* v. *Walker,* 9 M. & W. 299.

Being a plea in abatement it was improperly pleaded with pleas in bar, and it is to be considered as waived by reason of the pleas in bar.  *Spencer* v. *Lapsley,* 20 How. 264; *Railroad Co.* v. *Harris,* 12 Wall. 65; *Sheppard* v. *Graves,* 14 How. 505; *Railroad Co.* v. *Fifth Baptist Church,* 137 U. S. 568; *Yeaton* v. *Lynn,* 5 Peters, 224.

Rule 19 of the Supreme Court of the District of Columbia requires that all pleas in abatement should be sworn to; and this alone would be sufficient to sustain the ruling of the court below, so far as this plea is concerned.

2. The statute of limitations in force in this District is the old Maryland act of 1715, Ch. 23, which is the English act of 21 James; and it has been repeatedly held that this statute does not extinguish the debt, but only bars the remedy. Abert's Digest, p. 358, 360; *Oliver* v. *Gray,* 1 H. & G. (Md.) 204; *Barney* v. *Smith,* 4 H. & J. 485; *Felty* v. *Young,* 18 Md. 163; *Higgins* v. *Scott,* 2 B. & Ad. 413; *Quantock* v. *England,* 5 Burr. 2630; Wood on Limitations (2d Ed.), Vol. 1, p. 38.

Since, therefore, the statute only affects the remedy, the cause of action, as stated in the declaration, is a good and perfect cause of action; and it was not necessary to anticipate the defence by alleging a new promise. Indeed, each of the authorities above cited expressly stated that the suit must be brought on the original cause of action, and not on the new promise or acknowledgment. *Mandeville* v. *Wilson,* 5 Cranch, 15.

Such has always been the practice in the District of Columbia, and in the case of *Johnson* v. *Gregg,* 7 D. C. 142, the court held that a new promise need not be specially replied to a plea of the statute, but may be given in evidence under the general issue. See *Pumphrey* v. *Bogan,* 8 App. D. C. 449; Wood on Lim. (2d Ed.), Vol. 1, p. 249; *Lonsdale* v. *Brown,* 4 Wash. (C. C.) 149; *Little* v. *Blunt,* 9 Pick. 488; *Lord* v. *Shaler,* 3 Conn. 131; *Dean* v. *Hewitt,* 5 Wend. (N. Y.) 257; *Pinkerton* v. *Bailey,* 8 Wend. 600.

The English authorities hold that it is not only proper, but that it is the common practice to declare upon the original promise. *Leaper* v. *Tatton,* 16 East, 420; *Gould* v. *Johnson,* 2 Ld. Raym. 838; *Irving* v. *Veitch,* 3 M. & W. 90.

The statute of limitations must in all cases be specially pleaded where it merely bars the remedy but does not

destroy the right. Wood on Lim., 2d Ed., Vol. 1, pp. 26 and 27; *Gormley* v. *Bunyan,* 138 U. S. 623; *Shepherd* v. *Pepper,* 133 U. S. 626; *Cooke* v. *Chambers,* 67 Ind. 107. It cannot be taken advantage of as contended by the appellant, by a mere suggestion upon the record of the bar. When properly pleaded, the statute acts as a plea in bar, and there is no reason why it should not be subject to the same rules of pleading as other pleas in bar.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The judgment in this case must be affirmed. The declaration contains two counts—one on a promissory note, and the other for money loaned by the plaintiff to the defendant; for money paid by the plaintiff for the defendant, at his request; for money had and received by the defendant for the use of the plaintiff; and for money due the plaintiff on an account stated with the defendant. This declaration was supported by an affidavit of the plaintiff, Fannie Malvina Byers, under Rule 73 of the Supreme Court of the District of Columbia.

To this declaration the defendant, William F. Bougher, pleaded, 1st, not indebted as alleged; 2d, that he did not promise as alleged; 3d, that the plaintiff was a married woman; and, 4th, that the cause of action did not accrue within three years before action brought. The defendant filed these pleas without an affidavit, as required by Rule 73 of the Supreme Court; and upon motion of the plaintiff judgment was entered upon the declaration and cause of action shown, for want of proper affidavit to the pleas, as required by the rule.

The question, and the only question, on this appeal is, whether the affidavit to the pleas, to prevent summary judgment, was required under the rule. It is argued that by the first count of the declaration and the affidavit thereto, the promissory note is shown to be the only real

cause of action, and that is shown to be subject to the bar
of the statute of limitations; and that, consequently, there
is no sufficient cause of action shown to entitle the plaintiff
to judgment as against the plea of the statute of limitations
interposed by the defendant.

But this position cannot be maintained. The operation
of the act of limitations of Maryland of 1715, Ch. 23, in
force in this District, is not to extinguish the debt on simple
contract, but only to bar the remedy. The action must be
brought on the original cause of action, and not on any
new promise or acknowledgment that may be made, which
only restores the remedy. *Oliver* v. *Gray*, 1 H. & G. 204;
*Barney* v. *Smith*, 4 H. & J. 485. The limitation of the
statute simply gives rise to a presumptive payment, and a
promise or acknowledgment within the three years before
action brought, rebuts such presumption, and does away
with the operation of the statute. The bar of the statute of
limitations must always be specially pleaded in actions at
law, and can never be availed of otherwise than by special
plea. The practice in most of the States is to declare upon
the original cause of action, and when the statute is pleaded,
to reply the new promise or acknowledgment, and the issue
is then made upon the plea and the replication (1 Wood on
Lim., p. 249; *Lonsdale* v. *Brown*, 4 Wash. C. C. 149; *Little*
v. *Blunt*, 9 Pick. 488; *Dean* v. *Hewett*, 5 Wend. 257); and
this is substantially the practice that is observed in the
courts of Maryland under the act of 1715. In that State,
upon the bar of the statute being pleaded, the plaintiff re-
plies generally that the cause of action did accrue within
three years, and thereupon issue is joined; and under that
issue, evidence of the acknowledgment or new promise is
admitted. *Barney* v. *Smith*, 4 H. & J. 485, 495; *Ellicott* v.
*Nichols*, 7 Gill, 86; *Leaper* v. *Tatton*, 16 East., 420, 423; *Irv-
ing* v. *Veitch*, 3 M. & W. 90, 106-7. The new promise to
pay or acknowledgment of the debt, does not create a new

or original assumpsit, but is a saving of the remedy on the original promise.  Id.

The plaintiff is not required, either in his declaration or his affidavit, to anticipate the defence of the defendant; and if the declaration and affidavit present a case which, if unanswered, would entitle the plaintiff to judgment, he can only be prevented from obtaining such judgment under the rule, by a sufficient plea and affidavit by the defendant, as required by the rule.  This rule requires of the defendant that he shall "file along with his plea, if in bar, an affidavit of defence denying the right of the plaintiff as to the whole, or some specified part of his claim, and specifically stating, also, in precise and distinct terms, the grounds of his defence."  This he has failed to do, both with respect to the pleas of the general issue, and that of the statute of limitations.  All the pleas pleaded by the defendant were required to be supported by affidavit; and with respect to the plea of the statute of limitations, his failure to make the affidavit thereto fairly gives rise to the presumption that he was conscious of having made some acknowledgment that would revive the right to recover the claim.  *Wilson* v. *Hayes,* 18 Pa. St. 354.

The affidavit should have been made to the pleas, and the judgment must, therefore, be affirmed; and it is so ordered.                    *Judgment affirmed.*