(Decided January 9th, 1862.)

# HENRY FELTY, Adm'r of YOUNG, *vs.* JOHN YOUNG.

An acknowledgment by the defendant, that the single bill was his, that he had borrowed the money mentioned in it from his father, had never paid it, and did not think he would, because his father had not left him as much of his estate as he thought he ought, is sufficient to take the case out of the statute of limitations, and to give to the plaintiff a right of action upon it, although it does not revive the remedy on the specialty itself.

In the case of a simple contract debt, the remedy is revived by a new promise, and the original cause of action must be declared on; but in the case of a specialty the remedy is on the new promise, the specialty being useful only as evidence of a consideration to support that promise.

Before the Act of 1856, ch. 112, it was necessary for an administrator, rely-
ing upon a new promise, to avoid the plea of limitations, to insert in his
declaration a count on the promise made to himself, or to his intestate, as
the case might be.

But that Act renders the observance of many of the distinctive forms of ac-
tion, and of the pleadings incident to them, unnecessary, and a declara-
tion, by an administrator, containing counts for money payable to the
plaintiff as administrator of his intestate, for money loaned, and found due
on accounts stated, is sufficient to admit proof of a new promise to the
administrator.

APPEAL from the Circuit Court for Carroll County.

*Action*, brought May 6th, 1858, by the appellant against the
appellee, to recover the amount of a *single bill* for $106, dated
April 10th, 1844, in favor of the plaintiff's intestate, payable
at twelve months. The declaration, drawn under the Act of
1856, ch. 112, is as follows:—

"Henry Felty, administrator of the goods and chattels,
rights and credits, which were of John Young, deceased, by
William P. Maulsby and John E. Smith, his attorneys, sues
John Young for money payable by the defendant to the plain-
tiff, for goods bargained and sold by John Young, in his life-
time, to the defendant.

"*2nd Count:*—And also for work done and materials pro-
vided by John Young, in his lifetime, for the defendant, at
his request.

"*3rd Count:*—And also for money lent by John Young, in
his lifetime, to the defendant.

*4th Count:*—And also for money paid by John Young, in
his lifetime, for the defendant and at his request.

"*5th Count*:—And also for money received by the defend-
ant for the use of John Young, in his lifetime.

"*6th Count:*—And also for money found to be due from
the defendant to John Young, in his lifetime, on accounts sta-
ted between them.

"And the plaintiff claims $500."

Pleas:—Not indebted, as alleged, and limitations.

*Exception.* It was admitted that the plaintiff was appointed

administrator of John Young, Sen., deceased, on the 1st of May 1857. The plaintiff then proved by *Shunk*, that in August 1857, the plaintiff sent to witness the single bill in question, for collection, and a few days afterwards defendant called on witness and asked him to let him see the note which he had against him, from the plaintiff, for collection, and witness handed the same to him, when defendant said "it was his note, that he had borrowed the money mentioned in it from his father and had never paid it, and did not think he would;" witness then asked him why he would not pay the money? to which he replied, "because his father had not left him as much of his estate as he thought he ought to have done;" witness then asked him if he should inform the plaintiff of his refusal to pay? to which he replied, "tell him to do as he pleases;" at the time spoken of by witness, the plaintiff's intestate was dead; he was the father of the defendant.

The defendant then asked the court to instruct the jury, that on the pleadings and evidence in this cause the plaintiff is not entitled to recover, unless the jury shall find from the evidence, that the defendant acknowledged the existence of a subsisting debt within three years before the commencement of this suit, without accompanying said acknowledgment with any qualification, which, if true, would exempt him from a moral obligation to pay, and that the said acknowledgment was made in the lifetime of the plaintiff's intestate.

The court (NELSON, J.) granted the prayer, but at the same time instructed the jury, that the reason assigned by the defendant for his determination not to pay, is not sufficient in law to release him from any binding promise he might have made, if said promise was otherwise sufficient to take the case out of the statute of limitations; that is, if the promise had been proved to have been made to the plaintiff's intestate in his lifetime. To this ruling the plaintiff excepted, and from the verdict and judgment against him, appealed.

The cause was argued before BOWIE, C. J., BARTOL and COCHRAN, J.

*Oliver Miller*, for the appellant, argued:

1st. That the acknowledgment proved in this case is sufficient to remove the bar of the statute. It is clearly an acknowl-edgement of a present subsisting debt, unaccompanied by any qualification or declaration which, if true, would exempt the defendant from a moral obligation to pay. 1 *H. & G.*, 216, 217, *Oliver vs. Gray*. 7 *Gill*, 98, *Ellicott vs. Nichols*.

2nd. The fact that the original debt was a *specialty*, makes this difference only, viz: that in case of a simple contract debt, the suit must be brought on the original cause of action, whereas in case of a bond, the action is *assumpsit* on the new promise, and the bond is given in evidence as a consideration for the promise. 10 *G. & J.*, 50, *Lamar vs. Manro*. 4 *H. & J.*, 539, *Maddox vs. The State*. 7 *H. & J.*, 461, *Veasey vs. Bassett*. 3 *Md. Ch. Dec.*, 401, *Young vs. Mackall*. 4 *Md. Rep.*, 367, *Young & wife, vs. Mackall*. Acts of 1715, ch. 23, sec. 6, and 1729, ch. 24, sec. 21. 3 *G. & J.*, 491, *Carroll vs. Waring*.

3rd. The acknowledgment from which the promise may be implied, or even an express promise, need not have been made to the obligee in his lifetime, or during his lifetime, as the in-struction of the court below seems to have required. It may be made at any time and to any person. 1 *H. & G.*, 218, *Oliver vs. Gray*. 4 *H. & J.*, 357, *Allstan vs. Contee*. 2 *Wm. Bl. Rep.*, 1269, *Fenner vs. Meares*. 7 *H. & J.*, 213, *Barger vs. Collins*.

4th. That even if under the old form of pleading the decla-ration should have contained a special count on a promise made to the plaintiff, as administrator, founded on the antece-dent consideration of the debt due to the intestate, still, the present declaration under the new system is sufficiently compre-hensive to be considered as embracing such a count, as it sub-stantially alleges an *assumpsit* to the plaintiff, as administrator, in consideration of such antecedent debt due his intestate. 4 *H. & J.*, 495, *Barney vs. Smith*. *Comyn's Rep.*, 54, *Heny-lin vs. Eastings*. 9 *Pick.*, 491, 492, *Little vs. Blunt*. Act of 1856, ch. 112, secs. 2, 33, 53, 64.

5th. That the instruction granted in this case was confused, and calculated to mislead the jury, and submits a question of law to their finding, viz: what kind of an acknowledgment is sufficient to take a case out of the statute? 1 *H. & G.*, 218, *Oliver vs. Gray.*

No counsel appeared for the appellee.

COCHRAN, J., delivered the opinion of this court.

The questions necessary to consider under the exception taken in this case, are 1st, whether the acknowledgment, or promise, of the appellee, as proved, was sufficient to remove the bar of limitations? and if so, 2nd, whether upon the pleadings in the case the appellant was entitled to recover?

Mr. Shunk, the agent of the appellant, proved, that when he presented the single bill, in question, to the appellee for collection, *"he said it was his note, that he had borrowed the money, mentioned in it, from his father,"* the appellant's intestate, *"and had never paid it, and did not think he would, because his father had not left him as much of his estate as he thought he ought."* This admission, or acknowledgment, was attended by no qualification which could, in any way, abate or impair his moral obligation to pay the debt, and under the 3rd and 9th rules laid down in *Oliver vs. Gray*, 1 *H. & G.*, 204, was sufficient to take the case out of the statute, and give to the appellant a right of action upon it, although it did not revive the remedy upon the single bill. In the case of a simple contract debt, upon which the remedy barred by limitations is revived by a new promise, the original cause of action must be declared on, but in the like case of a specialty, the remedy is upon the new promise, the specialty, itself, being useful, only, as evidence of a consideration to support the new promise. 10 *G. & J.*, 50. 3 *Md. Ch. Dec.*, 398. 4 *Md. Rep.*, 362.

The remaining question, whether the appellant so declared as to be entitled to recover upon the acknowledgment, or promise proved, depends upon the construction to be given to the

Felty, adm'r of Young, *vs.* Young.

Act of 1856, ch. 112, to simplify and abridge the system of pleading, under the provisions of which the declaration was drawn. Before the passage of that Act it was necessary for an administrator, relying upon a new promise to avoid the plea of limitations, to insert a count on the promise made to himself, or to his intestate, as the case might be. An express promise to an executor created an *assumpsit* to him, founded on the antecedent consideration of the debt due to the testator, and a count had to be framed upon it, so that the allegation and proof might correspond. 1 *Chitty's Plead.*, 204, 205. 4 *H. & J.*, 485. But since the passage of the Act referred to, the observance of many of the distinctive forms of action, as also of the pleadings incident to them, have become unnecessary. Under it the statement of a substantial cause of action, without regard to form, is sufficient, and in section 52 it is expressly declared, *"that whatever facts are necessary to constitute the ground of action, defence, or reply, as the case may be, shall be stated in the pleading, and nothing more;"*—in section 53, that *"promises which need not be proved, or promises in indebitatus counts, and mutual promises to perform agreements, and all statements of a like kind, shall be omitted;"*—and in section 64, that *"the form of pleading shall, in no case whatever, control its substance."* The declaration in this case contains, among others, counts for money payable to the appellant as administrator of his intestate, for money loaned, and for money found to be due on an account stated; and we think, as it lays substantially an *assumpsit* to the appellant, as administrator, in consideration of the antecedent debt due to the intestate, that it may be considered as embracing the substance of a count on the promise proved.

With this view of the case, we dissent from the instructions given by the court below, and reverse the judgment.

*Judgment reversed, and*
*procedendo awarded.*

(Decided January 30th, 1862.)