(Decided 14th December, 1875.)

---

THE BOARD OF COUNTY SCHOOL COMMISSIONERS OF ALLEGANY COUNTY *vs.* A. M. ADAMS.

*Action by a Principal of Public Schools for Salary claimed to be due him—Construction of the Act of 1872, ch. 377, sub ch. 8, sec. 3—Bill of Particulars.*

In an action at law, it appeared by the plaintiff's "bill of particulars," that the suit was instituted to recover the salary alleged to be due him as 'Principal of the Lonaconing Public Schools," for the period and at the rate therein stated. By the Act of 1872, ch. 377, sub ch. 8, sec. 3, it was provided, that "Teachers shall enter into registers prepared for that purpose, an accurate account of the attendance of pupils, of text books used, and branches taught, and such other statistics as may be required, and make due return thereof to the Board of County School Commissioners, at the end of each Term; and no teacher shall be entitled to receive payment for services until the register properly filled up and completed be so returned; their report shall be filed by the said Board for the purpose of making the annual returns to the State Board of Education." HELD:

1st. That the duty of making the reports was one imposed upon *all* teachers; and was one from which the Principal was not exempt.

2nd. That the law did not contemplate any such officer as *principal* with duties other than those of teacher.

3rd. That the duty of making the reports was one which from its nature could not be performed except by those who were actually engaged in teaching.

4th. That the effect of the bill of particulars was to show the plaintiff's entire cause of action under all the counts in his declaration; and he was precluded from giving any evidence of any other demand or claim.

5th. That under the pleadings the plaintiff was not entitled to recover for any services which he might have rendered outside of his employment as principal, in no manner appertaining to his office or duties in that capacity.

6th. That his superintendence of the workmen engaged in completing the school house, and his repeated journeyings between Cumberland and Lonaconing, could not in any sense be considered as within the scope of his employment as Principal of the Public Schools, and having sued only for *salary* due him as Principal, he was not entitled to recover in this suit for services rendered by him in some other capacity.

7th. That unless the duties devolving upon the plaintiff as *teacher*, were performed by him, he was not entitled to recover in the present suit.

APPEAL from the Circuit Court for Allegany County.

The facts of the case are sufficiently stated in the opinion of the Court.

*First Exception.*—After the testimony was in the defendants offered the four following prayers:

1. That under the law applicable to public schools in this case, Mr. Andrew Gonder, as President of the Board of Public School Commissioners, had no power to make a contract with the plaintiff, which would be binding on the defendants, for the sum of ninety dollars per month, for his services as principal teacher in the Lonaconing school, and that the plaintiff cannot recover on any such contract, under the pleadings and evidence in this cause.

2. That if the jury find that the plaintiff was employed by the district trustees Ryan, Johnson and Read, to take charge of the school at Lonaconing in said county as principal teacher, and to conduct the said school as such principal, and that nothing was said about his salary or the amount of compensation to be paid him at the time of his said employment, and that the plaintiff then knew of

the Public School Directory published by the Board of County School Commissioners of said county, now in evidence, and made no objection to it, then the presumption of law is, that he accepted said employment under the terms of said Directory and the law applicable to it, and was bound to comply with the requirements of said law, and is not entitled to recover in this action without showing that he complied with the requirement of the third section of sub chapter eight, of the Act of 1872, chapter 377, by filling up and returning the register provided by said section.

3. That if the jury find from the evidence in the cause that the plaintiff was employed by the defendants to teach the said school and to manage and conduct the same as principal teacher, and that he never performed the duties required of him in that respect, then the plaintiff cannot recover under the pleadings and evidence in this cause for any services not rendered by him as teacher, although they may also find that he was prevented from doing so by the unfitness of the school house, and that it was the duty of the defendants to provide a suitable school house for said school, and that they did not do so. *Though if the jury find that the plaintiff was discharged from the service of the defendants without giving thirty days notice to him thereof, then he may recover under the pleadings in this cause for the services actually rendered by him prior to such discharge.*

4. That if the jury find that the plaintiff was employed as principal of the school at Lonaconing in said county, and that there were several schools in said district, and as principal it was his duty to take charge and superintend all of said schools and keep a register and return the same, as provided by the Act of 1872, ch. 377, sub chapter 8, section 3, and that he did not keep or return said register, and that three of said schools were in operation during part of the time from the 29th September, 1873, to the

21st November, 1873, then the plaintiff cannot recover on the pleadings and evidence in this cause.

The Court (PEARRE and MOTTER, J.,) granted the first prayer, and also the third prayer, with the modification *in italics;* and rejected the second and fourth prayers, assigning among other reasons for its rejection of the fourth prayer that it submitted a question of law to the jury, viz: whether as principal, it was his duty to take charge and superintend all the several schools in said district, and to keep a register, and return the same as provided by the Act of 1872, chap. 377, sub chapter 8, sec. 3. To the action of the Court in making a modification to their third prayer, and its rejection of their second and fourth prayers the defendants excepted.

*Second Exception.*—During the argument before the jury, one of the counsel for the defendants stated to the jury that the Court had in giving its instructions to the jury, said that the plaintiff could not recover for any services he might have actually performed, except as teacher.

The Court then said that the counsel had misconstrued what the Court had said in giving its instructions ; that no part of what the Court had said, was intended to, or did say to the jury, that the plaintiff, under the pleadings and evidence in this cause, was confined to the recovery simply for services as a *teacher,* but that if he did not teach, he could not recover in this case for teaching ; but had not said that he was precluded from recovering for other services actually rendered the defendants, if any such were rendered, upon the employment of the defendants, either as superintendent of work being done to the school house or for services as principal of the schools, as contradistinguished from teacher. To this statement of the Court, the defendants excepted.

The jury rendered their verdict for the plaintiff, and judgment was entered accordingly. The defendants appealed.

The cause was submitted on briefs, to BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*Thos. E. Gonder*, for the appellants.

*A. H. Blackiston*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The questions presented by this appeal arise upon two bills of exception taken by the appellants, who were defendants below; the *first*, to the rejection of their *second* and *fourth* prayers, and to the modification by the Circuit Court of their *third* prayer; and the *second*, to the verbal instruction or explanation given by the Court to the jury during the argument of the defendants' counsel.

It appears by the plaintiff's "*bill of particulars*" that the suit was instituted to recover the salary alleged to be due him as "Principal of the Lonaconing Public Schools," from Sept. 29th, till December 20th, 1873, at the rate of $90 per month.

The evidence shows that he was elected "Principal of the Lonaconing Public Schools" on the 29th day of September, 1873; that he went the next day to Lonaconing, to take charge of the public schools as Principal, but found that the school houses were "not in a proper condition for teaching, on account of the glass being out of the windows, and the houses having to be cleansed, and one of them, called the Castle School house, which he was to occupy, was not entirely completed, and had no furniture therein, or means of heating the same; he then returned to Cumberland and reported the condition of things to the President of the Board."

He afterwards went to Lonaconing and returned to Cumberland several times, making in all twelve trips, the last of which was on the 15th day of December, 1873. On two occasions he remained at Lonaconing one week, once he

354     MARYLAND REPORTS.

School Comm'rs of Allegany Co. vs. Adams.

remained there five days, on two other occasions four days, and at one time, three days. During that period, he was endeavoring to get the Castle School house completed and in proper condition; "started the Detmold School and the Rockville School, and visited them." On the 19th day of December, 1873, he was dismissed by the trustees, without thirty days previous notice.

By agreement of counsel, the "By-Laws, Rules and Regulations for the guidance of teachers and school officers of the public schools of Maryland, adopted by authority of the State Board of Education," offered in evidence at the trial, were referred to in this Court as part of the record, and also the "Public School Directory of Allegany County."

From this last it appears that the Fall Term of the schools in that County began *Sept. 15th* and ended *Nov. 21st*, 1873; and the Winter Term began *Dec. 1st*, 1873, and ended *Feb. 9th*, 1874. We make no reference to the "*By-Laws, Rules and Regulations*," as they appear to have been those adopted at a subsequent period, under the Act of 1874, ch. 463.

By the Act of 1872, *ch.* 377, *sub ch.* 8, *sec.* 3, it was provided that "Teachers shall enter into registers prepared for that purpose, an accurate account of the attendance of pupils, of text books used and branches taught, and such other statistics as may be required, and make due return thereof to the Board of County School Commissioners at the end of each term; and no teacher shall be entitled to receive payment for services until the register properly filled up and completed, be so returned; their report shall be filed by the said Board for the purpose of making the annual returns to the State Board of Education."

The defences relied on by the appellants, were

*First,* that the appellee had failed to make the "Term Reports," as required by the Act of 1872, above cited.

It is contended by the appellee that this provision of the law applies only to the *teachers* who may be in immediate charge of the respective schools, and "has no application to the *principal,* having the general superintendence of all the schools of the District." But in this construction of the law we do not concur.

The duty of making the report is one imposed upon *all* teachers; and is one from which the principal is not exempt, for he is a teacher, elected for that purpose, exclusively; the law does not contemplate any such officer as *principal* with duties other than those of teacher. Of course the duty of making the report is one which from its nature, cannot be performed except by those who are actually engaged in teaching, which as it appears from the proof, formed no part of the appellee's occupation during the time he held the office of principal.

The second prayer of the appellants which was intended to present the question of the appellee's duty under the Act of 1872; contained several matters of which it does not appear there was any evidence, such as the notice or knowledge of the appellee of the contents of the Public School Directory for Allegany County. This does not appear to form a material part of the legal proposition which the prayer was intended to raise. But as there was no evidence to prove such knowledge on the part of the appellee, it was not error to reject the prayer.

The second ground of defence relied on by the appellants, was that the appellee did not perform any services as teacher and therefore was not entitled to recover under the pleadings. This point is raised by the appellants' *third* prayer, which was refused as asked, but granted with the following modification:

"That if the jury find that the plaintiff was discharged from the service of the defendants without giving thirty days notice to him thereof, then he may recover under the

pleadings in this case, for the services actually rendered by him prior to such discharge.''

And the Court afterwards during the argument of counsel before the jury, stated the same proposition in these words: "No part of what the Court had said, was intended to say to the jury that the plaintiff, under the pleadings and evidence in this cause, was confined to the recovery simply for services as a *teacher;* but that if he did not teach, he could not recover in this case for teaching ; but had not said that he was precluded from recovering for other services actually rendered the defendants, if any such were rendered, upon the employment of defendants, either as superintendent of work being done to the school house, or for services as principal of the schools, as contra-distinguished from teacher.''

In our judgment there was error both in this expression of opinion by the Circuit Court, and in the qualification to the appellants' *third* prayer.

It must be observed that the claim of the appellee is for salary alleged to be due him in his capacity, or office as *Principal of the Public Schools.*

It is so stated in the " bill of particulars,'' the effect of which, as was said in *Scott vs. Leary,* 34 *Md.*, 400, "was to show the plaintiff's entire cause of action under all the counts in his declaration ; and he was precluded from giving any evidence of any other demand or claim.''

It is obvious that in this state of the pleadings the appellee was not entitled to recover for any services which he may have rendered, outside of his employment as principal, in no manner appertaining to his office or duties in that capacity.

The superintendence of the workmen engaged in completing the Castle school house, and his repeated journeys between Cumberland and Lonaconing could not in any sense be considered as within the scope of his employment as Principal of the Public Schools, and having sued only

School Comm'rs of Allegany Co. *vs*. Adams.

for *salary* due him as principal, he was not entitled to recover in this suit for services rendered by him in some other capacity.

The office and duty of the Principal is to *teach*, and as principal, to have supervision over the assistant teachers, who may be employed under him in the school where he is engaged. He is not charged with the duty of exercising a general supervision over all the schools of the District, that duty belongs to the District Trustees.

Unless the duties devolving upon the appellee as *teacher* were performed by him, he is not entitled to recover in the present suit. It was error for the Circuit Court to instruct the jury that he was entitled to recover for services not belonging to his office as principal.

The fourth prayer of the appellants was properly refused for the reason assigned by the Circuit Court "that it proposed to submit questions of law to the jury."

This Court being of opinion that there was error in the ruling of the Circuit Court, as before stated, the judgment will be reversed and a new trial ordered.

*Judgment reversed, and*
*new trial ordered.*

(Decided 15th December, 1875.)