ROGER T. GILL, Administrator, *vs.* MARGARET DONOVAN.

*Action for Services Rendered—Acknowledgment of Indebtedness Suffi-
cient to Remove the Bar of the Statute of Limitations—Admissibility
of Evidence—Bill of Particulars—Recovery on Common Counts
When Special Contract Alleged.*

Plaintiff brought an action to recovery wages for domestic services ren-
dered by her ten years before the institution of the suit to a woman
since deceased of whose estate the defendant was the administrator.
Defendant pleaded limitations and plaintiff replied new promise. A
witness for plaintiff testified that the deceased shortly before her death
said that though she had not yet paid plaintiff she would pay her and that
she intended to give her more than wages. There was other evidence
showing that the deceased had recognized the existence of her indebt-
edness and that when plaintiff had asked for money the deceased said
that she would give it to her at her death, that she had it in her will.
*Held,*

1st. That this evidence shows a sufficient acknowledgment of plaintiff's
claim to remove the bar of the statute of limitations, and that the in-
tention of the deceased to discharge the debt so acknowledged by a
legacy in her will (which she did not make) does not impair the obliga-
tion arising from such acknowledgment.

2nd. That the trial Court properly instructed the jury that they could not
find for the plaintiff unless they found that defendant's intestate, within
three years before her death, either expressly promised to pay plaintiff's
claim or within said period made a distinct acknowledgment of it as a
subsisting obligation, unless they further found that the deceased ex-
pressly promised that at her death plaintiff would be paid for her
services.

In an action to recover wages agreed to be paid for domestic service ren-
dered by a young woman for her aunt during a number of years against
the administrator of the aunt's estate, evidence is admissible to show
whether there was anyone else about the household to do the kind of
work that plaintiff did, and whether plaintiff was sent to school, and
what her relationship to the deceased was.

Evidence is admissible in such action to show that the deceased had
stated to a third party that she had not paid plaintiff anything for her
services.

Plaintiff's bill of particulars in an action on the common counts in
*assumpsit* set forth plaintiff's employment by the deceased as a domes-

tic servant at $2.50 per week and that plaintiff remained in such employment for 210 weeks. *Held*, that the plaintiff is entitled to prove the reasonable value of the services rendered by her, but cannot recover a larger compensation than that claimed in the bill of particulars, or recover for other and different services than those mentioned.

When a party sues in *assumpsit* on a special contract for service which has been fully performed by him, or files a bill of particulars setting forth a special contract of service executed on his part, he is entitled to recover if he proves the rendition of services by him and their acceptance by the defendant, under circumstances creating an obligation to pay therefor, although the special contract set forth be not proved.

Appeal from Baltimore City Court (DOBLER, J.)

*Plaintiff's 1st Prayer.*—If the jury shall find that the plaintiff rendered valuable personal services to and for the benefit of the late Catherine L. Staylor, during her life time, at her request, and shall further find that said Catherine L. Staylor, in consideration of said service, promised to compensate the plaintiff for said services and did not perform said promise, then the jury shall find for the plaintiff against the administrator of Catherine L. Staylor for the value of said services the agreed price if they find any agreement upon this point, or what the said services were worth if they find no expressed contract price (not to exceed however the price claimed in the bill of particulars, with interest from the institution of this suit, in the jury's discretion); provided, the jury shall find that said promise was made to take effect within three years prior to the institution of this suit. (*Granted.*)

The defendant filed the following special exception to the plaintiff's prayer :

The defendant specially excepts to the plaintiff's prayer because it ignores the bill of particulars filed in this cause ; and because it would enable the plaintiff to recover on a *quantum meruit* and not on an express contract for two dollars and a-half per week and would be a variance from the contract sued on. And the defendant also specially excepts the plaintiff's prayer because there is no legally sufficient evidence of any promise to remove the bar of the statute of limitations. And the defendant also specially excepts to the plaintiff's prayer because there is no legally sufficient evidence that the

defendant's intestate ever promised to reward the plaintiff for her services. (*Overruled.*)

*Defendant's 3rd Prayer.*—The burden under the pleadings is on the plaintiff to establish by a fair preponderance of proof (a) that she rendered service to Catherine L. Staylor, deceased; (b) that she rendered those services with the design of being paid for them in money; (c) that at the time the said services were rendered there was an expectation on the part of said Cath. L. Staylor of paying for the same; and (d) that there was an agreement that the plaintiff should receive $2.50 per week for her services. (*Rejected.*)

*Defendant's 4th Prayer.*—In order to entitle the plaintiff to recover for any services rendered by her to the late Cath. L. Staylor, the jury must find that there was a design on the part of the plaintiff at the time of the rendition of the services to charge for them in money, and an expectation on the part of said Cath. L. Staylor to pay for said services in money. And in determining whether there was such expectation on the part of said Cath. L. Staylor to pay for said services in money and such a design on the part of the plaintiff to charge for them in money, the jury are to take into consideration the relative situation of the parties and all the surrounding circumstances. (*Granted.*)

*Defendant's 5th Prayer.*—Unless the jury believe that the plaintiff has affirmatively shown by a fair preponderance of proof that the late Cath. Staylor made an express contract with the plaintiff by which she agreed to pay the plaintiff $2.50 a week for her services, the verdict under the pleadings in this case must be for the defendant. (*Rejected.*)

*Defendant's 6th Prayer.*—There being no legally sufficient evidence to establish any contract, express or implied, on the part of the late Catharine L. Staylor to pay the plaintiff for any services shown by the evidence to have been rendered her, by the plaintiff, the verdict must be for the defendant. (*Rejected.*)

*Defendant's 7th Prayer.*—There being no legally sufficient evidence to show the extent of the plaintiff's claim, the verdict of the jury can be for nominal damage only. (*Rejected.*)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*William S. Bryan, Jr.*, (with whom was *R. E. Lee Gill* on the brief), for the appellant.

*Charles Morris Howard* and *Robert W. Beach*, for the appellee.

JONES, J., delivered the opinion of the Court.

The appellant is the administrator of Catherine L. Staylor and as such was sued in the Baltimore City Court by the appellee for money claimed to be due the appellee for services rendered the appellant's intestate in her lifetime. The declaration contained only the common counts and the appellant demanded a bill of particulars in response to which the appellee filed the following statement of her claim :

"Complying with defendant's demand for a bill of particulars, the plaintiff begs to state as follows :

"That, on or about the 5th day of September, 1886, the plaintiff was employed by Catherine L. Staylor, deceased, as a domestic, at $2.50 per week. That the plaintiff remained in the employ of the said Catherine Staylor, deceased, until about the 10th day of October, 1890, making a total of two hundred and ten weeks, which, at $2.50 per week, makes due her in all the sum of five hundred and twenty-five dollars, no part of which claim was ever paid to her."

The appellant then pleaded the general pleas and the statute of limitations ; as also want of assets. The appellee took issue on the other pleas ; and to the plea of limitations replied new promise upon which issue was joined. The questions in the case are made mainly upon the effect of the bill of particlars, and upon the plea of limitations. The record shows there was a motion in arrest of judgment but this was abandoned in this Court. The matters for review here are presented by eight exceptions to the rulings of the trial Court upon objections to evidence made by the appellant and over-

ruled by the Court; and an exception by the appellant to the action of the Court in granting an instruction asked for by the appellee and the overruling of special exceptions thereto; and the rejection of certain instructions asked for by the appellant. The instructions proposed by the appellant were eleven in number, of which the Court rejected the first, second, third, fifth, sixth, seventh, ninth, tenth, and modified the eleventh and granted the same as modified; and granted the fourth, eighth and ninth as offered.

There was an agreement that in case of a verdict for plaintiff "the judgment thereon should be to bind assets only in the hands of the administrator." This evidently is the reason that neither in the evidence offered, nor in the instructions in the case is there any reference to the matter of the appellant's fourth plea. We therefore are not concerned with any question in that connection; and may dispose of other questions without reference to this plea.

The claim which is the basis of the plaintiff's suit is, as has been seen, for money due her for services rendered the appellant's intestate, Mrs. Catharine Staylor, between September, 1886, and October, 1890. This suit was brought April 16th, 1900—about ten years after the rendering of the services. The plea of the statute of limitations, therefore, upon the appellant's theory of the case, will be a complete bar to the recovery by the plaintiff in this suit unless the replication of a new promise be supported by the proof. After all the evidence was in at the trial below the appellant offered a prayer, being the first of his prayers, to the effect that there was "no legally sufficient evidence to remove the bar of the plea of the statute of limitations." This prayer the trial Court rejected. Whether there was error in this may be regarded as a question *in limine*; for if this prayer asserts a correct proposition as respects the evidence in the cause all other propositions would become moot questions.

There was no error in this ruling. Among other witnesses in the cause a Mrs. Carr testified that she was the stepmother of the plaintiff; that the plaintiff (appellee here) was living with

her at the time " she went to Mrs. Staylors ; " that after her (appellee's) father died " she went to work with a little girl friend of hers, and was making $2.50 a week.   She continued at that work until she went to Mrs. Staylor's."   The witness then further testified that " Mrs. Staylor said she would like to have Maggie with her, and she would give her the same wages that she had at the store where she worked then, so Maggie went to her.   Mrs. Staylor told me this, and then later on I called to see her there, and quite three months before she died, and she told me she intended to do well by Maggie (appellee), though she had not paid her *yet*, but she *would* pay her, and she intended to give her more than *wages*, and she said she would give everything to Johnnie and Maggie. This was not quite, but nearly three months before Mrs. Staylor died."   From other proof it appeared Mrs. Staylor died in October, 1899.   Here was testimony tending to prove the appellee's claim as set out in her bill of particulars ; and assuming the debt, claimed by the appellee to be due to her by Mrs. Staylor, to have been proved by this ; or by this and other proof, the testimony also tended to show that Mrs. Staylor in the conversations detailed by the witness was referring to this debt.   If so when she said she had not paid the appellee *"yet,"* and that she *would* pay her and more than *"wages"* this was a sufficient acknowledgment to take the case out of the operation of the Statute of Limitations.   *Shipley and Wampler, Extrs.,* v. *Shilling,* 66 Md. 558; *Stewart* v. *Garrett & Maus,* 65 Md. 392; *Beeler* v. *Clark,* 90 Md. 221.   It did not impair the obligation which the law imposes to pay a debt so acknowledged, that she indicated an intention to discharge the obligation by bounty to the appellee under her will. The acknowledgment of a subsisting debt unaccompanied with any sufficient excuse for not paying it will remove the bar of the statute.   This was laid down in the case of *Oliver* v. *Gray,* 1 H. & G. 204, and is fortified by other decisions.

There is other testimony going to show a recognition by Mrs. Staylor that the appellee had rendered, for her, services of value ; and that the appellee had not been paid for the same.

It was proper therefore that the question of new promise raised by the plaintiff's replication to the plea of limitations should be submitted to the jury ; and before leaving this aspect of the case we may inquire whether it was properly submitted. The appellant offered two prayers—his tenth and eleventh defining the character of the acknowledgment or promise that ought to be found by the jury to remove the bar of the statute. The eleventh prayer asked that the jury be instructed that "under the pleadings in this case, they must find by a fair preponderance of evidence, that within three years before her death Mrs. Catharine Staylor, the defendant's intestate, either expressly promised to pay the claim of the plaintiff, sued on in this action, or within three years made a distinct acknowledgment of it as an existing obligation, which distinct acknowledgment showed a present subsisting moral obligation to pay the same." The Court modified this prayer by adding to it the following : " Unless they further find that Mrs. Catharine Staylor expressly promised the plaintiff that the plaintiff would be paid for her services at Mrs. Staylor's death." It is contended there was no evidence to support this modification. But we find that John Staylor, a witness, after giving testimony tending to establish the claim made by the appellee according to her statement of claim, testified that after the appellee entered upon service for Mrs. Staylor and had remained there for a time she, in the language of the witness, " got fussing about money and said she wanted money, and her aunt told her she could not give it to her now, but said she would give it to her at her death ; she said she had it in her will." He also testified that after this " fuss " about money the appellee left the home of Mrs. Staylor and returned again to Mrs. Staylor's service upon the latter's request. This testimony afforded a basis for the hypothesis of the Court's modification of this eleventh prayer. In the case of *Gill* v. *Staylor*, 93 Md, 453, in which the administrator of Mrs. Staylor was sued, as he is in the case at bar, for the value of services rendered to his intestate in her lifetime the trial Court upon a very similar condition of proof, attached to one of the prayers

offered by the appellant a modification to the same effect as, and in almost identical terms with, the one we have under consideration ; and the same was approved by this Court. We see no reason why the part of the instruction in that case which was embodied in the Court's modification is not equally appropriate here. We find no error in this action of the Court.

The tenth prayer of the appellant, which was rejected by the trial Court, was, in substance and effect, the same as his eleventh prayer as offered. By the Court's action on the eleventh prayer the appellant got the benefit of the proposition of law embodied in these two prayers as far as he was upon the evidence entitled to the same. There was no error therefore in the Court's action as to this tenth prayer.

Before adverting to other prayers embraced in the appellant's ninth exception, the exceptions to evidence will be disposed of. In the first exception the question objected to was, did Mrs. Staylor herself do work about the house while appellee was with her. The fourth was to the question were there other servants about the house ; and the eighth was whether anything was done to educate the appellee—was she sent to school ? There was no error in overruling these objections. The ground of the appellee's suit was that she was in the house and family of Mrs. Staylor by reason of being employed as a *domestic;* and inquiries whether there was anyone else about the household to do, or who did, the sort of service indicated in such employment, and whether the appellee was sent to school or remained uninterruptedly at the place of service, elicited evidence, which, together with the evidence in the case as to the character and amount of service rendered by her while with Mrs. Staylor, tended to show what her position in the household of Mrs. Staylor really was. The second, third and seventh exceptions were to questions intended to elicit evidence that Mrs. Staylor's relationship to the appellee was of the half blood. This evidence would seem to have no probative force as to any issue in the cause at the time it was offered, or as the case then stood, but it had been testified that the appellee was a niece of Mrs. Staylor, and it could at least

do no harm to have it explained exactly what the relationship was.    Especially was this so in view of the theory upon which the appellant's proof proceeded which was that the appellee was not with Mrs. Staylor as a domestic but as a relative and member of her family.    In connection with such proof it was not inappropriate to have the exact relationship of the parties in question explained for what it might be worth though it might reflect but little upon the issues in the cause under the circumstances of this case.    There is therefore no cause for reversal at least, in the action of the Court in the matter of these exceptions.

The fifth exception was to the evidence given by a Mrs. Lafferty, in which she testified to conversations had with Mrs. Staylor in reference to the appellee—one of which conversations occurred about three weeks before Mrs. Staylor died. She testified to statements made by Mrs. Staylor to the effect that she (Mrs. Staylor) had not given the appellee anything for her services.    The appellee had offered evidence tending to show that she had rendered services for Mrs. Staylor and that these services were to be paid for.    The admissions testified to by this last-named witness went to the appellee's whole case ; all of them to the merits and some of them to the appellee's replication to the plea of the statute.    It was a part of the appellee's case to show that she had received no payment for her services, and that this had been admitted by Mrs. Staylor within time before suit brought to sustain her replication of new promise.    The evidence in question was therefore directly in support of the issues on trial.

The sixth exception is to an offer by the appellee of evidence to show what was the reasonable value of such services as it had been testified, in the course of the trial, the appellee rendered during her stay with Mrs. Staylor.    The objection to this offer of evidence is based upon the same reason and theory as are the third and fifth prayers of the appellant which were rejected by the Court.    The ground of the objection is that the appellee's bill of particulars shows that the services, for the value of which the appellee sues, were rendered under a special

agreement according to which the appellee must recover or not recover at all ; and that consequently no evidence is admissible to show what is the reasonable value of the services in question because this would be to allow a recovery by the appellee upon a *quantum meruit.* Now it is to be observed that assuming that the bill of particulars does set out a special contract this contract has been fully executed as to the rendering of the services and nothing remains to be done under it except the payment of the compensation due for the services so rendered. The contract was not specific in its terms fixing a period within which it was to be performed, and defining just what the services were that were to be rendered under it.   The time during which the services were to be rendered was left indefinite ; and the employment was a general one as a domestic.   Under such a contract there can be no way of ascertaining the extent, character and value of services actually rendered except by proof such as was proposed to be introduced here and made the subject of the exception now under consideration.   It was incumbent upon the appellee to show the character of services actually rendered ; and it was just as necessary that the value of them should be shown.   There could have been no recovery for larger compensation than the appellee had claimed in the bill of particulars ; but within that claim she would have been entitled to recover for services actually rendered by her and accepted by Mrs. Staylor, according to their extent and value ; provided they were not "other and different services" from those claimed for in the bill of particulars ; and had been rendered with the intention on her part to charge for them and the expectation on Mrs. Staylor's part to pay for them.

All question as to the admissibility of the evidence under consideration or as to the action of the trial Court upon the prayers that have been referred to in this connection is concluded by the case of *Fairfax Forrest Mining and Manufg. Co.* v. *Chambers,* 75 Md. 604.   In that case the Court was dealing with a bill of particulars of like character and effect as the particulars in the case at bar and in reference to the identical question which is here raised in the 6th exception to evi-

dence as to the admissibility of evidence to prove the value of services actually rendered this Court said, through JUDGE ROBINSON, "Evidence as to the nature and character of the services, and what would be a fair and reasonable compensation therefor, was admissible in evidence." JUDGE ROBINSON also said that, for the services rendered, the plaintiff in that case "was beyond question entitled to recover irrespective altogether of the contract itself." Again in dealing with a prayer in that case which had been rejected and which asserted the proposition that to entitle the plaintiff to recover he had to prove the contract set out in the bill of particulars the Court further said, after criticising the prayer in other particulars, "we are not to be understood as meaning that the right of the plaintiff to recover in an action of *assumpsit*, depended upon his being able to prove the agreement under which his services were rendered. On the contrary, if services were actually rendered by him and accepted by the defendant he was entitled to recover compensation for such services *independent altogether of the special agreement.*" Then after speaking of the office and effect of the bill of particulars and saying that the plaintiff could not "recover for *other and different* services, nor could he offer evidence of any other claim or demand"— the Court further said: " But the bill of particulars did not prevent the plaintiff from recovering under the common counts, if the special *contract was executed*, or, in other words, if the services under it had been fully rendered, and nothing remained to be done but the payment of the money by the defendant." This would seem to make clear the correctness of the ruling of the Court below upon the sixth exception to evidence and upon the third and fifth prayers of the appellant. The case of *School Commrs.* v. *Adams*, 43 Md. 349, much relied upon by the appellant here is not in point. In that case this Court said there was error in the ruling of the Court below because the plaintiff there had been allowed to recover for "*other* and *different* services" from those that fell within the description given in the bill of particulars.

From what has been said no special comment need be made

upon the second, sixth and seventh prayers of the appellant. They were properly rejected. It remains only to make reference to the one instruction granted by the Court below at the instance of the appellee of which it need only be said that it was based upon the evidence in the cause and its special form received the approval of this Court in the case of *Gill v. Staylor*, 93 Md. *supra*.

It follows from the foregoing views that the judgment of the Court below must be affirmed.

> *Judgment affirmed with costs to the appellee.*

(Decided February 11th, 1903.)