## DOUGHTY *v.* BAYNE

[No. 201, September Term, 1959.]

*Decided May 12, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Lee W. Bolte,* with whom was *John L. Sanford, Jr.,* on the brief, for the appellant.

*Walter C. Anderson,* with whom were *Webb & Travers* and *Simpkins & Simpkins* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The question here is whether or not certain statements made by the defendant-appellant, John E. Doughty, were sufficient to permit a jury to find that he had acknowledged a debt which otherwise would have been barred by the Statute of Limitations. The plaintiff-appellee, Clarence E. Bayne, brought suit in the Circuit Court for Worcester County upon a note allegedly made by Doughty. The case was removed for trial to Somerset County, where a jury found for Bayne. A motion for judgment n. o. v. or for a new trial was denied, judgment was entered for Bayne upon the jury's verdict, and Doughty appealed.

Bayne testified that he was asked to buy more stock in a corporation which operated a jewelry store in Salisbury. He already owned some stock in the corporation. He refused, saying he wanted more security. It was then suggested by a Mr. Cameron, an officer of the corporation, that if Doughty, who at that time was both the president and the largest individual stockholder of the corporation, would sign a note for the money, Bayne would lend the money for the use of the corporation. Bayne agreed to this plan and the transaction

was consummated. There was introduced in evidence a check from Bayne to the jewelry store corporation for $2,000 which was deposited May 26, 1954, and also the note signed by Doughty on May 25, 1954, for the same amount. Between the date of the loan and March 18, 1959, Bayne never requested payment of principal or interest by Doughty. On the latter date Bayne called Doughty and requested payment. It was during this conversation that the statements found to be an acknowledgment were made. Bayne's version of this conversation is as follows: "Of course, after the usual greetings you always make when you make a 'phone call, I asked him about the note and told him I needed the money and that I would like to have the $2,000.00, plus interest. At first he said he didn't remember the note. Then after I refreshed his memory he said, 'Well, possibly I did sign it. But don't you think I have lost enough?' I said, 'Yes, I realize you have lost quite a bit.' 'But', I said, 'this $2,000.00 that I personally loaned you is a lot of money to me.' He said, 'Well, I can't pay you.' I proceeded to go ahead. I said, 'I want my money.' I said, 'You gave me a note for it. You said you would be liable for it.' 'And', I said, 'I want my money. I need my money.' He said, 'Well, I haven't got it. I can't pay it. If you want to take it to an attorney and see what he can do about it, all right.' "

Doughty testified that he had no recollection of signing the note that was introduced. He did not deny that he did sign it, and even acknowledged that the signature on the note was his, but said he could not remember signing it. Also, he said he had never seen the check from Bayne to the jewelry store corporation and had no idea of what happened to the money. Doughty admitted receiving the telephone call from Bayne requesting payment of the note in March, 1959. His testimony as to what was said is different from Bayne's. No payment was forthcoming and Bayne brought this suit.

The note was not under seal and therefore the period of limitations was three years. Code (1957), Art. 57, Sec. 1. However, it has long been the rule that an acknowledgment revives the remedy and avoids the operation of the statute. *Oliver v. Gray,* 1 H. & G. 204; 54 C.J.S. *Limitations of Ac-*

*tions*, § 308. In Maryland, unlike most other states, an acknowledgment of a subsisting debt, unaccompanied by any qualification or declaration which, if true, would exempt a defendant from a moral obligation to pay, or such an acknowledgment accompanied by a refusal to pay, coupled with an excuse for not paying which itself furnishes no real objection to the payment of the debt, is sufficient to remove the bar of the statute. *Oliver v. Gray, supra,* at 217; *Weil v. Lambert,* 183 Md. 233, 244, 37 A. 2d 312; *Gill v. Donovan,* 96 Md. 518, 523, 54 A. 117; *Felty v. Young,* 18 Md. 163, 167; *Mitchell v. Sellman,* 5 Md. 376, 387; *Ellicott v. Nichols,* 7 Gill 85, 98, 54 C.J.S. *Limitations of Actions* § 313.

In the instant case it is, of course, not our duty to determine whether Bayne's version of Doughty's telephone conversation was the true one but merely to determine whether the jury could, if it accepted Bayne's account of what was said by Doughty, (which was more favorable to Bayne's contentions than Doughty's), find that Doughty had properly made an acknowledgment of a subsisting debt meeting the test above stated. *Weil v. Lambert, supra,* 183 Md. at 243. The crucial parts of Doughty's statements of March 18 are: (1) the failure to remember the note; (2) the admission of the possibility that he did sign the note; (3) the excuse of other losses which he had sustained; and (4) the refusal to pay for lack of money.

In determining the effect of these statements we must also be mindful that the acknowledgment must be a clear, distinct, and unqualified admission. *Crawford v. Richards,* 197 Md. 289, 293, 79 A. 2d 143, and cases cited therein. The evidence of the acknowledgment must also be considered in its entirety, and the creditor cannot accept the admission and reject any qualification that might make the acknowledgment ineffective. *Higdon v. Stewart,* 17 Md. 105, 111-12; *Oliver v. Gray, supra,* at 219.

The appellant argues that the combination of the admission that Doughty possibly signed the note and the reasons for nonpayment is not the clear, distinct and unqualified admission required, and the excuse that he had lost enough money and had no money to pay the note is no more than an addi-

tional reason why he could not pay, and was not meant to acknowledge that the note was due and unpaid. Appellant relies on *Higdon v. Stewart, supra*, in which the debtor said he thought he did not owe anything, but if he did owe anything it was not more than fifty dollars. The court reversed a judgment for a much larger sum because the court was of the opinion that the qualified admission as to the fifty dollars could not be used for an admission to pay any larger amount. The court did not expressly say that the qualified admission could or could not be used to permit the recovery of the fifty dollars because that question was not before the court. However, that case is clearly distinguishable from the instant case because in *Hidgon* there was a denial of the debt, while in the instant case the debtor merely said he did not remember the note and admitted he possibly could have signed it.

There is no case in Maryland which involves the combination here present, *i.e.* admission of possibility of indebtedness plus a later refusal to pay because of lack of money. The statements of the appellant, as stated by the appellee, are open to two interpretations. The first, and that argued by the appellant, is that the appellant said that although he possibly may have signed the note, in any event he could not pay it because he had no money. The other is that at the beginning of the conversation the appellant did not remember the note but later, after the appellee insisted that he had the note signed by the appellant, realized that he had signed the note, but still refused to pay because he had lost enough money on the jewelry venture and had no money. Viewing the entire conversation we think that it would be a proper inference for the jury to find the latter as to what was meant by the appellant and that this would bring the statement under the rule announced in *Oliver v. Gray* set forth above.

The appellant also contends that because he said only that he possibly signed the note, and not that he owed the debt, that the former was only the recital of a past occurrence rather than the acknowledgment of a debt, relying on *Owings v. Dayhoff*, 159 Md. 403, 151 A. 240. However, in view of the interpretation given the appellant's statements above, the acknowledgment does not arise from that statement, but

rather from the subsequent conversation in which the appellee insisted that he had the note signed by the appellant and the only rejoinder by the appellant was that he had lost enough money and could not afford to pay the note. As stated above, this could be interpreted to mean that the appellant acknowledged the note was his, and the only reason he could not pay was for lack of money, which excuse, of course, is not sufficient.

For the above reasons the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*