UNITED STATES of America, Plaintiff-Appellant,

v.

BLUSAL MEATS, INC., Defendant-Appellee.

No. 473, Docket 86–6169.

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1986.

Decided May 4, 1987.

Stephen A. Dvorkin, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Steven E. Obus, Asst. U.S. Atty., New York City, Russell B. Kinner, U.S. Dept. of Justice, Washington, D.C., on the brief), for plaintiff-appellant.

Robert V. Marrow, New York City (Salon, Marrow & Dyckman, New York City, on the brief), for defendant-appellee.

Before NEWMAN and MINER, Circuit Judges.*

JON O. NEWMAN, Circuit Judge:

The United States appeals from a judgment of the District Court for the Southern District of New York (Louis L. Stanton, Judge) dismissing its action against Blusal Meats, Inc. ("Blusal") for failure to file the complaint within the three-year limitations period for tort claims based on fraud. The Government brought the suit seeking restitution of federal funds wrongfully obtained by Blusal and its principals as a result of a fraudulent food stamp redemption scheme. The Government contends that the District Court erred in selecting the limitations period applicable to tort claims. Because we conclude that the action is time-barred even under the six-year limitations period for contract claims, we affirm.

### Background

This civil suit arises out of the criminal prosecution of Blusal, a meat wholesaler at Hunts Point Cooperative Market in the Bronx, and its two principals, Shelton Blumhof and Howard Saltiel, for conspiring to defraud the United States and for violating the Food Stamp Act, 7 U.S.C. § 2011 *et seq.* An indictment in May 1979 alleged that from 1976 to the end of 1978 Blusal, Blumhof, and Saltiel conspired to obtain food stamps from unauthorized sources,

---

* Judge Mansfield, originally a member of the panel, died on January 7, 1987. The appeal is being decided by the remaining members of the panel pursuant to Local Rule § 0.14(b).

misrepresented the sources on their books, and redeemed the stamps from the United States Department of Agriculture (USDA) under the false representation that the stamps had been received from the sale of eligible food items to low-income consumers. In late June 1979 Blusal, Blumhof, and Saltiel pled guilty, estimating the sum wrongfully received to be between $35,000 and $40,000. During sentencing proceedings held on October 18, 1979, Blumhof's lawyer, seeking a lenient sentence for his client, made the following statement:

> The crime that was committed was a joint venture and it was borne [*sic*] out of the exigencies that existed in their business, and while the amount of money alleged in the indictment seems high, I think it is conceded by everybody that there was 35 or 40 thousand dollars which was the bottom line of what the so-called benefits were and that money was fully taxed and it was considered as part of the proceeds of the business.

On January 9, 1985, the United States filed this suit against Blusal seeking the amount of money by which Blusal was "unjustly enriched to the detriment" of the United States. The complaint stated two causes of action for breach of contract and a third for unjust enrichment, alleging that Blusal was "unjustly enriched in an amount in excess of $40,000 as a result of the [criminal] activities...." Blusal moved for summary judgment, arguing that the suit was time-barred under the six-year statute of limitations for contract suits brought by the Government. *See* 28 U.S.C. § 2415(a) (Supp. II 1984). On a cross-motion for summary judgment, the Government contended that statements made by the defendants and their attorneys during the plea and sentencing in the criminal case, which estimated the amount of illegally obtained income, constituted acknowledgments of a debt owed to the Government by Blusal. These acknowledgments, the Government further contended, sufficed to cause its claim for unjust enrichment to "accrue again" by virtue of the proviso in 28 U.S.C. § 2415(a).

The District Judge issued an opinion on June 24, 1986, deciding this and other related disputes between Blusal and the United States. *Blusal Meats, Inc. v. United States*, 638 F.Supp. 824 (S.D.N.Y.1986). He dismissed the two breach of contract claims, finding that Blusal's Food Stamp Program authorization did not create a contract between Blusal and the United States. *Id.* at 831. Turning to the third claim for unjust enrichment, Judge Stanton reasoned that "[t]he substance of a claim is the proper basis for determining the appropriate statute of limitations." *Id.* He found that although the Government styled its claim as one in quasi-contract and therefore subject to the six-year limitations period of section 2415(a), the claim's factual basis was Blusal's fraud of "knowingly and purposefully present[ing] false documents to obtain money." *Id.* at 832. Concluding that the action for fraud could be maintained only in tort and that the limitations period for a tort action by the Government was three years, 28 U.S.C. § 2415(b), he dismissed the suit as time-barred. *Id.*

### Discussion

The United States appeals only the dismissal of its unjust enrichment claim. It contends that the District Court erred in treating its claim as one sounding in tort rather than contract and that the timeliness of this action should be measured against the six-year limitations period for contract claims. We need not decide which limitations period applies because, even under the more generous limitations period, the claim is time-barred.

Section 2415(a) requires that certain suits brought by the United States must be filed within six years after the right of action accrues. The statute includes a proviso that "in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment...." *Id.* The United States concedes that this lawsuit was filed more than six years after Blusal's last act of fraud. However, it reiterates the argument, raised before the District Court, that the statements by Blumhof, Saltiel, and their attorneys in late 1979, admitting the

defendants' guilt, acted as written acknowledgments of Blusal's debt to the Government that revived the cause of action.[1] Because the Government filed suit within six years of the alleged acknowledgments, it argues, the action is not time-barred.

 Congress designed the proviso of section 2415(a) to codify "a familiar principle of law which is embodied in the law of many states. The obligation of a debt will continue where a debtor has acknowledged the debt and indicated his willingness to discharge the obligation." S.Rep. No. 1328, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 2502, 2504. In his treatise on contracts Professor Corbin summarizes the general common law principle:

> It is very generally held that an acknowledgment that a sum of money is actually due, if made without any accompanying denial of willingness, justifies the inference of a promise to pay.

1A A. Corbin, *Corbin on Contracts* § 216 (1963) (footnote omitted). Thus, for a new payment obligation to accrue, an acknowledgment must clearly convey the debtor's recognition that it actually owed the creditor the claimed money. *See* 51 Am.Jur.2d *Limitation of Actions* § 328 (1970); 54 C.J.S. *Limitations of Actions* § 312 (1948).

 The statements of Blumhof, Saltiel, and their attorneys, relied on by the Government, do not satisfy the requirement that Blusal acknowledge that it owed the claimed money to the United States. Made in the context of plea and sentencing proceedings, the defendants' admissions of guilt and estimates of illegal gains were clearly intended to downplay the amount of damage done by their crimes and to show their contrition in order to obtain lenient sentences. Nothing in the record or in the cited remarks supports the inference that the defendants' admission of wrongfully profiting by approximately $40,000 entailed an acknowledgment of indebtedness to the victim for that amount. The sentencing judge might well have considered restitution in meting out punishment; however, the statements, without more, are not acknowledgments of debt within the meaning of the common law and section 2415(a).

The cases cited by the Government for support compel no different result. All involve debts arising from commercial transactions in which the debtor initially agreed to pay the creditor in exchange for specific consideration. *E.g., Federal Deposit Insurance Corp. v. Cardona,* 723 F.2d 132 (1st Cir.1983) (action to recover on demand notes payable to bank); *United States v. Glens Falls Insurance Co.,* 546 F.Supp. 643 (N.D.N.Y.1982) (action to recover on performance bond issued as surety for contractor). By later listing the debt in an estate tax return, *Federal Deposit Insurance Corp. v. Cardona, supra,* or an annual report, *Clarkson Co. Ltd. v. Shaheen,* 533 F.Supp. 905, 932 (S.D.N.Y.1982), the debtor clearly acknowledged a prior debt as a current obligation. *Cf. In re Povill,* 105 F.2d 157 (2d Cir.1939) (listing of debt in schedule of creditors accompanying bankruptcy petition conveys unwillingness to pay). By contrast, Blusal never acknowledged that it owed money to the United States, nor did its principals ever state that they viewed their illegal profits as money owed to the United States.

### Conclusion

Because Blusal and its principals never acknowledged a debt within the meaning of section 2415(a), the suit is time-barred even if the six-year limitations period applies. The judgment of the District Court is affirmed.

---

1. Because we reject the Government's contention that the statements were acknowledgments of debt within the meaning of section 2415(a), we need not determine whether the statements, transcribed in open court, were "written" for purposes of the statute.