**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Howard S. CULVER, et al.,
Defendants–Appellants.**

**No. 90–3001.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 31, 1990.

Decided Nov. 22, 1991.

As Amended March 2, 1992.

Jefferson Vaughan Wright, Miles & Stockbridge, Baltimore, Md., argued (Jill S. Talbot, on brief), for defendants-appellants.

Nicole Elizabeth Porter, Asst. Dist. Counsel, Small Business Admin., Baltimore, Md., argued (Breckinridge L. Willcox, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before RUSSELL and HALL, Circuit Judges, and CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

PER CURIAM:

Howard S. Culver and Laura H. Culver (Appellants) appeal from the district court's order denying their motion to vacate the judgment in favor of the United States in this action for the outstanding balance and interest due on a Small Business Administration loan. Finding no error, we affirm.

The Appellants, acting as guarantors for Howard S. Culver, Inc., a now-defunct corporation, executed a note to Union Trust Company in conjunction with the Small Business Administration (SBA) for a $275,-000 loan in 1976. The loan was assigned to the SBA in 1979. The note provided that any attorney could appear in any court of record to confess judgment on the note at any time after default without notice or a prejudgment hearing.

The SBA made demand on the outstanding balance of the debt in July 1988, contending that the Appellants were then in default on the loan, but the Appellants did not pay the remaining debt. The United States, acting on behalf of the· SBA, brought an action for Judgment by Confession in the district court in June 1989; the district court entered judgment in favor of the United States.

The Appellants moved to vacate the judgment, contending that the action was barred by the statute of limitations. They contended that the loan was in default as early as 1981, that the SBA sent its initial notice of acceleration and demand for full payment to Appellants in 1981, and that Howard Culver, Inc., the primary obligor, filed for bankruptcy in January 1983. The SBA again demanded payment on the note in February, 1983, and filed a proof of claim in the bankruptcy court in July 1983. The SBA moved to modify the stay so it could foreclose on the property that provided the security interest for the loan in November 1983. The stay was modified in January 1984, and the SBA held a public sale of the property in September 1984. The SBA was the only bidder, so title to the property was conveyed to it; the property was later resold to a third party. The Appellants contended that the statute of limitations period began to accrue, at the latest, at the time of the filing of the bankruptcy petition in January 1983.

The United States opposed the motion to vacate the judgment. It contended that in October 1984 the Appellants admitted they were still the guarantors of the loan, and offered to negotiate some sort of compromise regarding payment of the balance of

the debt. Several times in 1985 the Appellants wrote to the SBA, claiming that they did not yet have the financial information from their accountants necessary to propose a settlement, but that they still wanted to come to an agreement with the SBA regarding payment of the remaining debt. The Appellants submitted financial information to the SBA in 1986 and again offered to negotiate a settlement, but did not make a specific offer. Finally, in July 1988 the SBA made a demand for the remainder of the debt, which it then considered defaulted. The Appellants failed to pay the balance, and the United States filed this action. It contended that the statute of limitations did not begin to accrue until the July 1988 demand for payment.

The district court denied the motion to vacate judgment, holding that the statute of limitations did not begin to accrue until the July 1988 demand for payment, and that the action was filed well before the statute of limitations ran. The Culvers appealed.

■ The statute of limitations to collect a debt under the SBA Loan Guaranty Program is six years. 28 U.S.C.A. § 2415(a) (West Supp.1991); *United States v. Vanornum*, 912 F.2d 1023, 1025 (8th Cir.1990); *United States v. Rollinson*, 866 F.2d 1463 (D.C.Cir.), *cert. denied*, 493 U.S. 818, 110 S.Ct. 71, 107 L.Ed.2d 37 (1989). The statute of limitations begins to run at the time of demand on the debt. *Vanornum*, 912 F.2d at 1026–27. However, in the event of partial payment or acknowledgement of the debt, the cause of action again accrues at the time of the partial payment or acknowledgement. 28 U.S.C.A. § 2415(a); *United States v. Blusal Meats, Inc.*, 817 F.2d 1007, 1010 (2d Cir.1987) (limitations period tolled when debtor clearly conveys recognition that he is actually liable for debt).

■ In this case, the SBA first made a demand for payment in 1981, outside of the limitations period. However, the Appellants acknowledged the debt in letters to the SBA several times between 1984 and 1988, disputing not the fact of the debt but the total amount due on the note.* Further, the Appellants included the note as a debt in a financial statement prepared some time after September 3, 1985; the financial statement was submitted to the SBA early in 1986. They also listed the note in a 1988 financial statement, which was also given to the SBA. The listing of the debt in the financial statements given to the SBA served as an acknowledgement of the debt and was sufficient to start anew the running of the limitations period as stated in § 2415(a). *See Federal Deposit Ins. Corp. v. Cardona*, 723 F.2d 132, 137 (1st Cir.1983); *Buxton v. Diversified Resources Corp.*, 634 F.2d 1313 (10th Cir. 1980), *cert. denied*, 454 U.S. 821, 102 S.Ct. 105, 70 L.Ed.2d 93 (1981); *Whale Harbor Spa, Inc. v. Wood*, 266 F.2d 953 (5th Cir. 1959).

Because these financial statements acknowledging the debt were presented to the SBA less than six years before the action was filed in the district court, the action was not barred by the statute of limitations. Therefore, the district court did not err in refusing to vacate its judgment, and we affirm the district court's order.

AFFIRMED.

---

\* For example, in 1986 the Appellants' attorney sent a letter to the SBA stating that he had discussed a possible compromise of the SBA's claim with Howard Culver, and that Mr. Culver "requested that he have a reasonable period of time in which to formulate how he will be able to make a reasonable offer and one which will be acceptable to" the SBA. In the majority of these letters the Appellants did not indicate that they were unwilling to pay the debt, but that they were unable to pay the full amount and wanted to come to a compromise. The Appellants' indication that they could not pay the entire debt does not amount to a denial that the debt exists. *See Doughty v. Bayne,* 222 Md. 361, 160 A.2d 609, 612 (1960). Further, the Appellants' statement in a 1988 letter that they contested the existence of the debt and were willing to defend against it in court does not ameliorate the prior acknowledgements of the existence of the debt, which were made within the limitations period.